UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
RONALD P. PASSATEMPO, Trustee of the Samuel     )
Pietropaolo Irrevocable Trust, *et al.,*         )
                                                )
            *Plaintiffs,*                        )
                                                )    Case No. 05-CV-10118-GAO
            v.                                   )
                                                )
FREDERICK V. MCMENIMEN III, *et al.,*            )
                                                )
            *Defendants.*                        )
_____)

**MEMORANDUM OF LAW SUPPORTING
DEFENDANT FREDERICK V. MCMENIMEN III'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant Frederick V. McMenimen, III ("Mr. McMenimen") submits this memorandum of law supporting his motion to dismiss all claims asserted against him by his uncle, Samuel Pietropaolo ("Uncle Sam"), his aunt, Patricia Pietropaolo ("Aunt Pat"), and Ronald Passatempo ("Attorney Passatempo"), the lawyer who commenced this action on a *pro se* basis and on behalf of Uncle Same and Aunt Pat. For the reasons set forth more fully below, there are three primary grounds for dismissing those claims:

1.  Despite having no "good cause" for such a failure, Attorney Passatempo neglected to have Mr. McMenimen served with the operative pleading within 90 days after it was filed, thus violating Mass. R. Civ. P. 4(j);

2.  All of the claims against Mr. McMenimen were time-barred at the time the action was first filed or, in the case of breach of contract allegations, are now beyond the operative statute of limitations; and

3.  To the extent they survive the more universal challenges, several of the plaintiffs' theories are fatally and fundamentally flawed.

## STATEMENT OF FACTS

Because the Court must, for purposes of the instant motion, accept all well-pleaded factual allegations in the First Amended Complaint and Jury Demand ("Complaint") as true, Mr. McMenimen incorporates those allegations by reference into this memorandum. Of course, Mr. McMenimen reserves the right to – and assuredly will – dispute many of those averments if he remains part of this litigation.

## ARGUMENT

This case was first filed in Massachusetts Superior Court, but a federal standard must be used to evaluate the substantive adequacy of the Complaint. *Varney v. R.J. Reynolds Tobacco Co.,* 118 F. Supp. 2d 63 (D. Mass. 2000) (O'Toole, J.). To the extent it is based on Rule 12(b)(6), the instant motion tests the sufficiency of the Complaint, not the sufficiency of the evidence that may or not be adduced at trial. *Id.* The motion must be allowed if the facts alleged in the Complaint would not justify a judgment in the plaintiffs' favor. *Id.* The Complaint, to survive the motion, "must allege facts that sufficiently support, either directly or by inference, every material element necessary to sustain recovery." *Id.* Although all well-pleaded allegations must be assumed true for purposes of this motion, and although "the Court must indulge all reasonable inferences stemming from those allegations in favor of the plaintiff[s,]" "bald assertions" are not "well-pleaded" allegations sufficient to defeat a motion to dismiss. *Wajda v. R.J. Reynolds Tobacco Co.,* 118 F. Supp. 2d 29, 32 (D. Mass. 2000) (O'Toole, J.). Summary conclusions unsupported by factual averments, or which are contradicted or "belied by the facts alleged" may be disregarded and "deserve no deference." *Massachusetts Laborers' Health & Welfare Fund v. Philip Morris, Inc.,* 62 F. Supp. 2d 236, 240-41 (D. Mass. 1999) (O'Toole, J.) (quoting *In re Lane,* 937 F.2d 694, 698 n.7 (1st Cir. 1991) and *United States v. AVX Corp.,* 962 F.2d 108, 115 (1st Cir. 1992)).

13-006-001

I.     **REGARDLESS OF HOW IT RULES ON THE SUBSTANTIVE ISSUES SET FORTH IN THE REMAINDER OF THIS MEMORANDUM, MASS. R. CIV. P. 4(j) REQUIRES THE COURT TO DISMISS THE COMPLAINT AS TO MR. MCMENIMEN**

Before reaching the issue under Fed. R. Civ. P. 12(b)(6) of whether the plaintiffs' Complaint states any claims on which relief may be granted, the Court should first address that component of Mr. McMenimen's motion that seeks dismissal for insufficiency of service of process pursuant to Rule 12(b)(5). Such a dismissal is the inexorable result of inexcusable neglect by Attorney Passatempo – who failed to effect service upon Mr. McMenimen within 90 days after filing this lawsuit in Superior Court without demonstrating "good cause" for that failure. Rule 4(j) of the of the Massachusetts Rules of Civil Procedure[1] required the plaintiffs to serve Mr. McMenimen within 90 days after filing the case, but it was not until December 28, 2004 – a full 180 days after the lawsuit was commenced – that the plaintiffs finally attempted to serve Mr. McMenimen. The Complaint therefore must be dismissed (albeit without prejudice) as to Mr. McMenimen.

The only "saving grace" under Rule 4(j) is its provision permitting a delay of service upon a showing of "good cause." *Heacock v. Heacock,* 30 Mass. App. Ct. 304, 305 (1991). It was the plaintiffs' burden to establish good cause for their failure to made service on or before September 29, 2004. *Commissioner of Revenue v. Carrigan,* 45 Mass. App. Ct. 309, 311 (1998). Rule 4(j) presents "a stringent standard requiring diligent albeit unsuccessful effort to complete service within the period prescribed by the rule." *Shuman v. Stanley Works,* 30 Mass. App. Ct. 951, 952-53 (1991) (quoting *Davis-Wilson v. Hilton Hotels Corp.,* 106 F.R.D. 505, 509 (E.D. La. 1985).

---

[1] In a removed case, this Court must look to applicable state rules in making judgments regarding events occurring prior to removal, including whether service was properly effected prior to removal. *Freight Terminals, Inc. v. Ryder Sys., Inc.,* 461 F.2d 1046, 1052 (5th Cir. 1972). Indeed, "sufficiency of service of process prior to removal is strictly a state law issue." *Lee v. City of Beaumont,* 12 F.3d 933, 936-37 (9th Cir. 1993). In any event, there is no effective distinction between the two regimes, because the plaintiffs' service of Mr. McMenimen would have been two months late even under Fed. R. Civ. P. 4(m).

The "good cause" exception to Rule 4(j) applies only when there has been a diligent effort to effect timely service. *Hull v. Attleboro Sav. Bank,* 33 Mass. App. Ct. 18, 26 (1992). The Court must therefore focus on "the reasonableness and diligence of counsel's effort to effect service within the time required." *Shuman,* 30 Mass. App. Ct. at 953. Inadvertence and half-hearted efforts do not constitute good cause. *Braxton v. United States,* 817 F.2d 238, 242 (3d Cir. 1987). Absent the requisite diligence in attempting service, dismissal is mandatory. *Carrigan,* 45 Mass. App. Ct. at 311. Because there was no "good cause" for the plaintiffs' failure to serve Mr. McMenimen, dismissal of the Complaint is mandatory.

According to the Superior Court's docket, which is now part of this Court's case file, the plaintiffs filed their initial pleading on July 1, 2004. On September 23, 2004 – after 84 days had passed without any attempt to effect service upon Mr. McMenimen – Attorney Passatempo filed an *ex parte* motion to extend the service deadline under the Superior Court's internal time standards (Exhibit A); however, the plaintiffs made no attempt to establish the good cause required by Rule 4(j). Another 81 days passed without any attempt to serve Mr. McMenimen before the plaintiffs' current counsel on December 13, 2004 filed an *ex parte* "emergency" motion for another extension of time to serve the defendants. As with the first motion, the defendants were not given an opportunity to be heard, the plaintiffs made no effort to establish the good cause necessary to justify their noncompliance with Mass. R. Civ. P. 4(j), and the Superior Court consequently made no such finding. The two motions presented to the Superior Court made no reference to any effort to serve Mr. McMenimen, and the record reflects no findings that any such efforts were ever made. Significantly, the plaintiffs never alleged that Mr. McMenimen moved or was otherwise dodging service; indeed, the plaintiffs succeeded in serving him at the home he has occupied for several years, and Mr. McMenimen remains at the business address set

13-006-001

forth in paragraph 4 of the current Complaint, in paragraph 4 of the initial Verified

Complaint and Jury Demand, and in the putative Chapter 93A demand letter dated July 1,

2004 (which appended to the Complaint as Exhibit I).

In sum, Rule 4(j)'s "entire focus [is] to force plaintiffs' (more realistically their

lawyers') diligence in order to preserve causes of action against limitations problems."

*Carrigan,* 45 Mass. App. Ct. at 312 (quoting *Coleman v. Greyhound Lines, Inc.,* 100 F.R.D.

476, 477 (N.D. Ill. 1984)).  The plaintiffs, most notably Attorney Passatempo, should have

treated Rule 4(j) "with the respect reserved for a time bomb," but they inexplicably

neglected to do so.  *Braxton,* 817 F.2d at 241 (quoting Siegel, "Practice Commentary on

Amendment of Fed. R. 4," 96 F.R.D. 88, 103 (1983)).  Instead, Attorney Passatempo and

the other plaintiffs allowed the "time bomb" of Rule 4(j) to detonate, and dismissal is the

inevitable consequence.

## II.    EACH COUNT OF THE COMPLAINT IS NOW TIME-BARRED.

As discussed above, dismissal of the Complaint without prejudice is mandatory

because the plaintiffs did not timely serve Mr. McMenimen.  However, dismissal with

prejudice is also required, because the Complaint does not set forth a single claim on which

relief might be granted against Mr. McMenimen.  Fed. R. Civ. P. 12(b)(6).[2]

Most notably, each of the plaintiffs' claims is barred by an applicable statute of

limitations.  Counts I through VI of the Complaint (alleging various causes of action

sounding in tort) are governed by the Commonwealth's 3-year statute of limitations, G.L. c.

260, § 2A, for tort actions.  Count X (alleging violations of G.L. c. 93A) is governed by the

4-year statute applicable to consumer protection actions, G.L. c. 260, § 5A, and – to the

extent it is based on alleged violations of the Massachusetts Securities Act – Count VII is

---

[2] Though the Massachusetts Rules of Civil Procedure govern procedure before removal, the Federal
Rules of Civil Procedure govern post-removal procedure.  Fed. R. Civ. P. 81(c).

13-006-001

as well.  G.L. c. 110A, § 410(e).  To the extent Count VII is based on violations of Section

10(b) of the Securities Act of 1934, it must have been brought within two years after

discovery of the alleged fraud and within five years of the operative transaction.  28 U.S.C.

§ 1658(b).  Count IX is controlled by the six-year statute applicable to contract actions,

G.L. c. 260, § 2.

   As in *American Fiber & Finishing, Inc. v. Tyco Healthcare Group,* 273 F. Supp. 2d

155, 158 (D. Mass. 2003) (O'Toole, J.), the causes of action alleged in this case are based

on events preceding or coinciding with the issuance of the operative contract (in this case, a

variable life insurance Policy).  Any misrepresentations or deceptions about the terms of

the Policy necessarily occurred prior to its issuance.  *Id.*  No actionable harm flows from

the conduct alleged to have occurred in 2003 and 2004; such allegations merely concern

Mr. McMenimen's inability to cure the injuries allegedly caused by 1998 conduct.  In other

words the plaintiffs' causes of action accrued on July 28, 1998 – the date on which the

operative Policy was issued – and all but one was time-barred when the initial pleading was

filed in Superior Court, and the remaining claim will be time-barred after the dismissal

mandated by Mass. R. Civ. P. 4(j).

   The plaintiffs have not – nor could they and still comply with Fed. R. Civ. P. 11(b) –

alleged any circumstances that would have tolled the operative statutes of limitations.  For

example, the so-called "discovery rule" does not apply.  There are no allegations that the

plaintiffs' claims were inherently unknowable.  *See, e.g., Friedman v. Jablonski,* 371 Mass.

482, 485 n.3, 486-88 (1976); *Hendrickson v. Sears,* 365 Mass. 83, 90 (1974).  Furthermore,

the plaintiffs themselves alleged "storm warnings" of fraud; they long ago knew or should

have known there was a problem, regardless of whether they received a copy of the Policy

in July 1998 or, as they now contend, they did not immediately receive a copy and were

rebuffed in their efforts to obtain one.  *See* Complaint ¶¶ 51-52.  Either set of circumstances

should have been sufficient to trigger the plaintiffs' duty of inquiry – and thus cause their claims to accrue -- more than 6 ½ years ago. *Young v. Lepone,* 305 F.3d 1, 10 (1st Cir. 2002); *American Fiber,* 273 F. Supp. 2d at 159-60.

Nor can the plaintiffs plausibly argue that Mr. McMenimen fraudulently concealed their claims, thus bringing them within the shelter of G.L. c. 260, § 12. There are no allegations that Mr. McMenimen positively acted to conceal their causes of action from them. *See, e.g., Friedman,* 371 Mass. at 485 n.3, 486-88; *Hendrickson,* 365 Mass. at 90. As discussed above, as early as July 1998, the plaintiffs, by their own tacit admission, possessed sufficient information that, with the exercise of reasonable diligence, would have led them to discover the alleged misconduct.

Furthermore, though Mr. McMenimen resides in New Hampshire, he worked in Massachusetts at all operative times. He has always been susceptible to service of process – thus making inapplicable the tolling provisions of G.L. c. 260, § 9.

As graphically depicted below, the only cause of action that was temporally viable at the time of the initial complaint was the plaintiffs' breach of contract claim:



- 7 -

13-006-001

And that claim is afflicted by several substantive defects insofar as it pertains to Mr. McMenimen. Furthermore, at the time of the plaintiffs' initial pleading, their contract claim was itself less than a month from being precluded by G.L. c. 260, § 2. This was the "grim reality" of which the plaintiffs knew or should have known during the period in which they failed to serve Mr. McMenimen. *Carrigan,* 45 Mass. App. Ct. at 315. Consequently, even if the plaintiffs were to re-file the contract claim after the dismissal mandated by Mass. R. Civ. P. 4(j), that count would join the others on the wrong side of the time bar, as it would be at least seven months late; its irremediable dismissal is the "inevitable consequence" of the failure by Attorney Passatempo and the other plaintiffs to adhere to Rule 4(j). *Id.* That the contract claim will now be time-barred neither prevents operation of the mandatory dismissal provision, nor does it afford a basis for finding good cause for the non-service. *Hull,* 33 Mass. App. Ct. at 25-27.

### III.    EVEN IF TIMELY FILED OR SERVED, SEVERAL OF THE PLAINTIFFS' CLAIMS ARE DEFECTIVE FOR REASONS INHERENT IN THE THEORIES THEY ASSERT.

#### A.    *Counts I Through VI Are Barred By The Economic Loss Doctrine.*

It is essentially economic losses that the plaintiffs seek to recover in this case. *See* Complaint at 4 ("the Plaintiffs have suffered significant economic harm and emotional distress")[3] However, it is now axiomatic in this Commonwealth that "purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage." *FMR Corp. v. Boston Edison Co.,* 415 Mass. 393, 395 (1993). Because Counts I through VI sound in tort, and because they assert no actionable claims for personal injury or property damage, they must be dismissed.

---

[3] For the reasons set forth below, the alleged emotional distress is not actionable either.

13-006-001

**B.    Neither "Infliction of Emotional Distress" Theory Advanced By The Plaintiffs Is Actionable.**

Apparently seeking to circumvent the economic loss rule, the plaintiffs have asserted claims of intentional and negligent infliction of emotional distress. However, neither Count V nor VI sets forth a viable of action.

### 1.    Count V Does Not State an Actionable Claim for Intentional Infliction of Emotional Distress.

To prevail on a claim for intentional infliction of emotional distress, a plaintiff must prove: (1) that the defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his alleged conduct; (2) that the defendant's "conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community"; (3) that the defendant's actions were the cause of the plaintiffs' distress; and (4) that the emotional distress sustained by the plaintiffs "was severe and of a nature that no reasonable [person] could be expected to endure it." *Burke v. Town of Walpole,* 2003 U.S. Dist. LEXIS 24897 *48 (Cohen, M.J.), *adopted* 2004 Dist. LEXIS 3964 (D. Mass) (O'Toole, J.)

To the extent those elements are pled in Count V of the Complaint, the allegations are utterly threadbare and unworthy of the deference ordinarily given to well-pleaded allegations. For instance, there are no factual averments indicating that Mr. McMenimen knew that he would cause the plaintiffs emotional distress. Indeed, the only plaintiff alleged to have suffered any emotional distress at all was Uncle Sam (*see* Complaint ¶ 118) and that distress is not actionably severe. Finally, the Complaint and its exhibits together suggest that Mr. McMenimen was at worst duped by those he trusted to issue a $500,000 variable life policy, and that he was thereafter unsuccessful in obtaining redress for the

13-006-001

plaintiffs. Such is hardly "extreme and outrageous," "beyond all possible bounds of decency" or "utterly intolerable in a civilized community."

> **2.    Count VI Does Not Allege Actionable Physical Harm Caused By Any Act Or Omission Of Mr. McMenimen.**

Under Massachusetts law, negligent infliction of emotional distress is not actionable absent proof of physical harm caused by the defendant. *Payton v. Abbott Labs,* 386 Mass. 540, 552 (1982). In Count VI, the plaintiffs allege no harm whatsoever to Attorney Passatempo or Aunt Pat, and there was no physical dimension to the alleged harm to Uncle Sam – who allegedly "has been deeply concerned with his wife's potential welfare after his passing [and] has suffered from repeated episodes of anxiety and restlessness, leading to sleep deprivations, loss of appetite and increased frequency of smoking." Complaint ¶ 123. Certainly, the "objective symptomatology" mandated by *Payton* is not present here. 386 Mass. at 556-57.

> **D.    Count IX Does Not Allege An Actionable Breach of Contract By Mr. McMenimen.**

To prevail on a claim for breach of contract, the plaintiffs must prove: (1) an offer; (2) an acceptance; (3) consideration; (4) breach; and (5) damages. *Canney v. New England Tel. & Tel. Co.,* 353 Mass. 158, 164 (1967). In this case, however – although the plaintiffs might be able to show a contract between Uncle Sam and the insurer – they cannot make the requisite showing with respect to Mr. McMenimen. Indeed, there was no offer or acceptance by Mr. McMenimen; he was not a party to the operative contract. The contract was between Uncle Sam and the insurer. Period. Nor is there any allegation that Mr. McMenimen (as opposed to the other defendants) received any consideration in connection with the policy. It was Nationwide to whom premiums were paid, not Mr. McMenimen.

Complaint ¶ 134.  There may be an actionable contract claim with respect to other defendants, but not with respect to Mr. McMenimen.

###### E.    Count VIII Does Not Allege An Actionable Churning Claim.

In Massachusetts, there is no common law cause of action for "churning." Churning is actionable under the federal securities laws, but the facts alleged by the plaintiffs in this case – the sale of a single insurance policy – do not warrant liability under such a theory.  "'Churning' occurs when a broker causes transactions to be made in a customer's account that are excessive in amount and frequency, given the nature of that account."  *United States v. Trask,* 143 F. Supp. 2d 88, 89 (D. Mass. 2001) (Gertner, J.).  In other words, a single transaction does not churning make.  Count VIII is deficient – yea, frivolous – as a matter of law.

###### F.    Count VII Does Not Satisfy The Heightened Pleading Standard Imposed By The Private Securities Litigation Reform Act of 1995.

To the extent Count VII arises under the Securities Act of 1934, it requires proof of scienter – an "intent to deceive, manipulate or defraud."  *Baron v. Smith,* 285 F. Supp. 2d 96, 107 (D. Mass. 2003) (O'Toole, J.), *aff'd* 380 F.3d 49 (1st Cir. 2004) (quoting *Greebel v. FTP Software, Inc.,* 194 F.3d 185, 194 (1st Cir. 1999)).  To survive this motion to dismiss, moreover, the Complaint must, with respect to each allegedly fraudulent act or omission, the plaintiffs must "state with particularity the facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78a-4(b)(2).  The "catch-all allegations" of the plaintiffs fail to satisfy that standard.  *Baron,* 285 F. Supp. 2d at 107.

However, the only particularized information in the Complaint concerning Mr. McMenimen's state of mind reflects the exact opposite of scienter.  Every claim asserted by the plaintiffs against Mr. McMenimen – including the one allegedly arising under the Securities Act of 1934 – rests on naked allegations of nefarious intentions and "designs" on

his party.  However, one of the very exhibits the plaintiffs append to the Complaint indicates that Mr. McMenimen shared the plaintiffs' belief that the variable life Policy would have a $500,000 death benefit.  Complaint Ex. H.  That is hardly scienter.

### CONCLUSION

For the reasons set out above, Mr. McMenimen respectfully requests that his motion to dismiss all claims asserted against him be allowed.

Respectfully submitted,

FREDERICK V. MCMENIMEN, III

By his attorney,

/S/
_____
William P. Corbett, Jr. (BBO #561201)
THE CORBETT LAW FIRM
  A Professional Corporation
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
(781) 596-9300

Dated:  February 16, 2005

13-006-001

# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: MICV2004-02661

RONALD PASSATEMPO, TRUSTEE, on behalf )
Of the Samuel Pietropaolo Irrevocable Trust, )
And )
SAMUEL F. PIETROPAOLO, GRANTOR to the )
the Samuel Pietropaolo Irrevocable Trust) )
("Family Trust") )
And )
PATRICIA D. PIETROPAOLO, )
Grantor's Spouse and Beneficiary to Family Trust )
                   Plaintiffs )
 )
v. )
 )
FREDERICK V. MCMENIMEN III, )
NEW ENGLAND ADVISORY GROUP, )
BARRY G. ARMSTRONG, and )
NATIONWIDE PROVIDENT )
               Defendants )

**PLAINTIFF'S MOTION TO**
**EXTEND TRACKING**
**ORDER**

       The plaintiff in the above captioned matter moves to extend the Tracking Order. The Plaintiffs have not served any of the Defendants to date and therefore there is no prejudice to the Defendants. Plaintiffs filed their Complaint on July 1, 2004 in order to preserve their rights and shall be Amending their Complaint based upon newly obtained facts.

       Wherefore, Plaintiff requests this Court to extend the Tracking Order for ninety days.

                             Ronald P. Passatempo

                             Ronald P. Passatempo
                             BBO# 6632508
                             23 Forest Street, Suite 105
                             Medford, MA 02155
                             (781) 395-7678

1

Samuel Pietropaolo

Samuel Pietropaolo, Pro Se
45 Thurlow Avenue
Revere, MA 02151
781/289-4191


Patricia D. Pietropaolo

Patricia D. Pietropaolo, Pro Se
45 Thurlow Avenue
Revere, MA 02151
781/289-4191

Dated: September 17, 2004

2

LAW OFFICES OF

# RONALD P. PASSATEMPO

**ATTORNEY AT LAW**

RONALD P. PASSATEMPO JD MBA
MEMBER MASSACHUSETTS BAR

23 Forest Street, Suite 105
Medford, Massachusetts 02155

MARTHA J. RICHARDSON
OFFICE MANAGER

Telephone (781) 395-7678
Facsimile (781) 395-7732

September 16, 2004

Middlesex Superior Court
Civil Clerk's Office/Mr. Arthur Sutherland/Courtroom 10A
40 Thorndike Street
Cambridge, MA 02141

    RE: <u>Passatempo, Trustee on Behalf of the Pietropaolo et al v. McMenimen III et al</u>
        C.V.A. No.: MICV2004-02661-F

Dear Mr. Sutherland:

Pursuant to our telephone conversation, enclosed please find the following:

    1.    MOTION TO EXTEND TRACKING ORDER.

As discussed, none of the defendants have been served to date, therefore shall be no prejudice to the defendants. Kindly allow the enclosed Motion to extend time for service for an additional 90 days.

If you should have any questions, please do not hesitate to call.

Very truly yours,

Ronald Passatempo

RPP/ace

Enclosure

# Exhibit B

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
DEPARTMENT OF
THE TRIAL COURT
C.A. NO. 04-2661

RONALD P. PASSATEMPO, TRUSTEE, )
On behalf of the Samuel Pietropaolo Irrevocable) )
Trust, SAMUEL PIETROPAOLO, GRANTOR )
to the Samuel Pietropaolo Irrevocable Trust, )
and PATRICIA D. PIETROPAOLO, )
BENEFICIARY of the Samuel Pietropaolo )
Irrevocable Trust, )
                                         )
        Plaintiffs, )
                                         )
vs. )
                                         )
FREDERICK V. MCMENIMEN III, )
NEW ENGLAND ADVISORY GROUP, )
BARRY G. ARMSTRONG, and )
NATIONWIDE PROVIDENT, )
                                         )
        Defendants. )

*Dec 13, 2004*
*Motion allowed*
*Brassard, J*
*atta [...] [...]*
*asst Clerk*

*Nw*

## PLAINTIFFS' EMERGENCY MOTION
## TO EXTEND SERVICE DATE UNDER TRACKING ORDER

Plaintiffs Ronald P. Passatempo, Samuel Pietropaolo and Patricia D. Pietropaolo

("Plaintiffs") hereby move to extend the time for service of the Complaint in this action.  As

grounds for their motion, Plaintiffs state:

1.      Plaintiffs filed their Complaint, *pro se*, on July 1, 2004.

2.      By order dated September 23, 2004, the Court allowed Plaintiffs' first Motion to

Extend Tracking Order, extending the date for service of the Complaint to December 29, 2004.

DEC 13 2004

3.      Since the Complaint was filed, Plaintiff Samuel Pietropaolo has suffered from a serious illness and has been intermittently hospitalized.

4.      Plaintiffs have recently retained the law firm of Todd & Weld LLP to serve as their counsel in connection with this matter. Plaintiffs had not previously retained counsel and had continued to act on a *pro se* basis.

5.      In order to provide the attorneys at Todd & Weld LLP with sufficient time to familiarize themselves with the case, and to determine whether it will be necessary to amend the Complaint, Plaintiffs request an additional thirty (30) day extension of time for service of the Complaint.

WHEREFORE, Plaintiffs respectfully move for a thirty (30) day extension of time for service of the Complaint in this action.

RONALD P. PASSATEMPO, TRUSTEE,
On behalf of the Samuel Pietropaolo Irrevocable
Trust, SAMUEL PIETROPAOLO, GRANTOR
to the Samuel Pietropaolo Irrevocable Trust,
and PATRICIA D. PIETROPAOLO,
BENEFICIARY of the Samuel
Pietropaolo Irrevocable Trust,

By their attorneys,

_____
Howard M. Cooper (BBO# 543842)
David M. Burkoff (BBO# 657447)
Todd & Weld LLP
28 State Street
Boston, Massachusetts 02109
(617) 720-2626

December 3, 2004

# Exhibit C

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —**
**TORT — MOTOR VEHICLE TORT — CONTRACT —**
**EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-2661

.......... MIDDLESEX .......... , ss
[seal]

RONALD P. PASSATEMPO, TRUSTEE, On behalf of
the Samuel Pietropaolo Irrevocable Trust,
SAMUEL PIETROPAOLO, GRANTOR to the Samuel Plaintiff(s)
Pietropaolo Irrevocable Trust, and PATRICIA D.
PIETROPAOLO, BENEFICIARY of the Samuel Pietropaolo
Irrevocable Trust
V.

FREDERICK V. McMENIMEN III, BARRY G. ARMSTRONG, NEW
ENGLAND ADVISORY GROUP, LLC, 1717 , Defendant(s)
CAPITAL MANAGEMENT COMPANY, NATIONWIDE PROVIDENT
(f/k/a Provident Mutual Life Insurance Company),
and NATIONWIDE FINANCIAL SERVICES, INC.

### SUMMONS

To the above-named Defendant: Frederick V. McMenimen III

You are hereby summoned and required to serve upon .... David M. Burkoff ....

.......... plaintiff's attorney, whose address is .... Todd & Weld LLP ....

28 State Street, Boston, MA  02109 .......... an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .... Cambridge ....

.......... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at .......... Cambridge ..........
Barbara J. Rouse
the .... 23rd .......... day of .... December ....

.......... , in the year of our Lord .. two thousand and four

Edward J Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## Rockingham County Sheriff's Office
### CERTIFICATE OF SERVICE

MASS Middlesex (Massachusetts) Court
County of Rockingham State of New Hampshire

Ronald P Passatempo

vs.

Frederick V McMenimen, III

Docket Number: 04-2661
Sheriff File Number: 04013051

```
F I L E D
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

JAN 1 4 2005
```

I, Deputy Sheriff Chris Stone, Badge # 43 of the Rockingham County Sheriff's Department, Rockingham County, New Hampshire, certify and affirm that on 12/28/2004 at approximately 04:30 pm, at 6 Pumpkin Circle, Exeter, NH 03833 served the within OOS Summons&Complaint upon Frederick V McMenimen, III, the defendant named herein, in the following manner.

PERSONAL SERVICE

By delivering to and leaving with Frederick V McMenimen, III personally a true copy thereof, said person being known or identified to me as the person mentioned and described therein

Dated: December 29, 2004

SUSAN J. HOWARD
MY COMMISSION EXPIRES
JULY 28, 2009
NOTARY PUBLIC
NEW HAMPSHIRE

Chris Stone
Deputy Sheriff

43
Badge Number