UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD P. PASSATEMPO, Trustee of the Samuel Pietropaolo Irrevocable Trust, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> FREDERICK V. MCMENIMEN III, *et al.*, <br><br> *Defendants.* | Case No. 05-CV-10118-GAO |

**DEFENDANT FREDERICK V. MCMENIMEN III'S
MOTION FOR ENLARGEMENT OF TIME TO FILE
OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Local Rule 7.1(B)(2), defendant Frederick V. McMenimen III ("Mr. McMenimen") respectfully moves for a two-week enlargement of the time in which he is allowed to file his opposition to Plaintiffs' Motion for Preliminary Injunction.

In support of this motion, Mr. McMenimen states the following:

1. The surviving plaintiffs filed their Motion for Preliminary Injunction ("Motion") and supporting materials on May 2, 2005.

2. Mr. McMenimen's opposition to that motion is therefore due on or before May 16, 2005, unless the Court otherwise orders. LR 7.1(B)(2).

3. Some of the issues raised by the Motion can be addressed summarily before the current deadline expires. For instance (as the plaintiffs and their counsel know or should know), it is "black letter" law that this Court is not authorized to issue preliminary injunctions of the ilk requested in the Motion. *Grupo Mexicano v. Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 317-333 (1999).[1]

4. Similarly – even if the Court were otherwise empowered to grant such relief – the plaintiffs only seek money damages, so their putative injuries, by definition, are not "irreparable" and a proper basis for injunctive relief. *Inkadinkado, Inc. v. Meyer,* 2003 U.S. Dist. LEXIS 17458 *8 (O'Toole, J.). That the plaintiffs fear they will be "left with nothing at the end of the day" (*see* DE #16 at 14-15) is an argument that "can be made by virtually every person who sues another for money damages" and its "very ubiquity indicates why it cannot conceivably be enough to justify the issuance of a prejudgment injunction of this nature." *Charlesbank Equity Fund*, 370 F.3d at 162-63.

5. Furthermore, a central issue in the Motion is whether the plaintiffs are likely to succeed on the merits. As this Court has noted, that issue is the "touchstone," the "main bearing wall," and the "*sine qua non*" of the preliminary injunction inquiry. *Flynn v. Burman,* 30 F. Supp. 2d 68, 75 (D. Mass. 1998) (O'Toole, J.) (quoting *Philip Morris, Inc. v. Harshbarger,* 159 F.3d 670 (1st Cir. 1998), *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.,*

---

[1] Because such relief could not be granted "by the English Court of Chancery at the time of the separation of the two countries" – at which time the source of this Court's equity powers, the Judiciary Act of 1789, was adopted – a District Court may not issue a preliminary injunction preventing a defendant from disposing of his assets pending adjudication of a claim for money damages. *Id.* (quoting *Atlas Life Ins. Co. v. W.I. Southern, Inc.,* 306 U.S. 563, 568 (1939)). After all, a "more powerful weapon of oppression could not be placed at the disposal of unscrupulous litigants." *Grupo Mexicano,* 527 U.S. at 330 (quoting Wait, FRAUDULENT CONVEYANCES, § 73 at 110-11). "Even when sitting as a court in equity," the Court cannot "craft a 'nuclear weapon' of the law" like the one sought by the plaintiffs here. *Grupo Mexicano,* 527 U.S. at 332. The plaintiffs have no security interest in any assets of Mr. McMenimen, identify no property within this Court's *in rem* jurisdiction, and seek no final relief other than money damages, so there are no arguable grounds for distinguishing *Grupo Mexicano*. *See, e.g., Charlesbank Equity Fund II, LP v. Blinds to Go, Inc.,* 370 F.3d 151, 159-61 (1st Cir. 2004) (avoiding *Grupo Mexicano* analysis because of possible distinction and denying injunction under usual standard); *Fairview Mach. & Tool Co., Inc. v. Oakbrook Int'l, Inc.,* 77 F. Supp. 2d 199, 206 (D. Mass. 1999) (Ponsor, J.) (*Grupo Mexicano* not controlling "because the plaintiff has an equitable interest in defendant's assets").

102 F.3d 12, 16 (1st Cir. 1996), and *Weaver v. Henderson,* 984 F.2d 11, 12 (1st Cir. 1993)). Mr. McMenimen's motion to dismiss and supporting memorandum (DE #9 & #10) set forth compelling legal reasons why the plaintiffs cannot satisfy that prong of the standard, and his substantive response to the plaintiffs' Motion for Preliminary Injunction will identify fundamental evidentiary deficiencies which also doom their claims.

    6.    Indeed – even assuming that the plaintiffs' claims are otherwise colorable – because of the recent death of the alleged "victim" in this case, and because the plaintiffs refused to make the decedent available for deposition while he was still healthy enough to testify (*see* DE #16, ex. C), it is now clear that the plaintiffs have no reasonable expectation of adducing at trial admissible evidence necessary to establish essential elements of their claims against Mr. McMenimen, that there is consequently no genuine issue as to any material fact, and that Mr. McMenimen is entitled to judgment as a matter of law. Accordingly, pursuant to Rule 56 of the Federal Rules of Civil Procedure, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986), Mr. McMenimen intends to accompany his opposition to the instant Motion for Preliminary Injunction with a motion for summary judgment.

    7.    Ordinarily, Mr. McMenimen could assemble his argument on the "likelihood of success" issue and concomitant summary judgment materials within the 14 days afforded by Local Rule 7.1(B)(2). However, his attorney must prepare for a complex securities arbitration beginning on May 17, 2005. It would be impracticable for counsel to ready himself and his clients adequately for that arbitration while devoting sufficient attention to the motions and briefs that must be filed in this case.

    8.    Furthermore, unless the Motion is withdrawn before May 5, 2005, Mr. McMenimen will on that day cause a separate motion to be served upon the plaintiffs' counsel, and (for the reasons discussed in paragraphs 3 and 4, *infra*) that separate motion

will necessarily implicate the merits of the instant Motion for Preliminary Injunction. However, the earliest date on which the Federal Rules of Civil Procedure would permit Mr. McMenimen to file his separate motion or otherwise present it to the Court would be May 26, 2005. As a matter of judicial economy, the Court should consider that separate motion, Mr. McMenimen's motions to dismiss and for summary judgment, and the plaintiffs' Motion for preliminary injunction simultaneously.

      9.      By way of contrast, there is no urgency associated with the plaintiffs' Motion. This action has been pending since July 1, 2004, but the plaintiffs elected not to serve Mr. McMenimen until December 28, 2004 (*see* DE #10 at 3-5) or seek an injunction until May 2, 2005 – a full ten months after commencing the suit. *Cf. Charlesbank Equity Fund,* 370 F.3d at 163 ("delay between the institution of an action and the filing of a motion for preliminary injunction, not attributable to intervening events, detracts from the movant's claim of irreparable harm"). Indeed, the harm against which the plaintiffs purportedly seek protection is non-existent, given that the insurance policy at issue has, at the very least, the guaranteed $200,000 death benefit alleged in paragraphs 57 through 59 of the First Amended Complaint; depending upon how the markets perform, that death benefit could be considerably higher, even if the plaintiffs are unsuccessful in this lawsuit. Tellingly, the plaintiffs have not invoked Rule 65(b) of the Federal Rules of Civil Procedure to seek the temporary restraining order to which they might be entitled if "immediate and irreparable injury, loss, or damage" would result from a delay in granting the relief they request; nor could they make such an argument and remain within the boundaries set out by Rule 11(b).

13-006-001

10. Although Mr. McMenimen recently extended such a courtesy to the plaintiffs' attorneys (*see* DE #11), they refuse to reciprocate unless Mr. McMenimen agrees, pending adjudication of their Motion, to the selfsame restraints they seek, regardless of how long the Court might require to dispose of the Motion. (*See* Exhibit A) It is thus necessary for Mr. McMenimen to make this request over the plaintiffs' opposition.

WHEREFORE, defendant Frederick V. McMenimen, III respectfully requests that the foregoing motion be granted and that the Court extend the time in which he may oppose the plaintiffs' Motion for Preliminary Injunction until May 31, 2005.

Respectfully submitted,

FREDERICK V. MCMENIMEN III

By his attorney,

*/s/ William P. Corbett, Jr.*
_____
William P. Corbett, Jr. (BBO #561201)
THE CORBETT LAW FIRM
 *A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
(781) 596-9300

Dated: May 3, 2005

*LOCAL RULE 7.1(A)(2) CERTIFICATE*

I hereby certify that before filing this motion, I conferred by e-mail with David M. Burkoff, Esquire, attorney for the plaintiffs, in a good faith effort to resolve or narrow the issues presented. A copy of our exchange is appended to this motion as Exhibit A.

*/s/ William P. Corbett, Jr.*
_____
William P. Corbett, Jr.

13-006-001

# *Exhibit A*

# Bill Corbett

| | |
|---|---|
| **From:** | Burkoff, David [dburkoff@toddweld.com] |
| **Sent:** | Tuesday, May 03, 2005 2:17 PM |
| **To:** | Bill Corbett |
| **Cc:** | tegan@peabodyarnold.com; tcasey@ropesgray.com |
| **Subject:** | RE: Activity in Case 1:05-cv-10118-GAO Passatempo et al v. McMenimen et al "Motion for Preliminary Injunction" |

Bill,

Understand that we will gladly extend to you the professional courtesy of assenting to your request for more time to oppose our motion for preliminary relief.  We simply require an assurance, in return, that until the motion is decided your client will refrain from transferring at minimum $900,000 of his assets, i.e., the relief requested in our motion.  As you know, this matter is all the more urgent to our clients now that Mr. Pietropaolo has passed away, and we are very concerned at the prospect that Mr. McMenimen may transfer his assets beyond our clients' reach while the case is pending.  Frankly, your reaction to our request only contributes to our concern.

Should you insist on proceeding with your request without our assent -- which, as stated above, we feel is an unnecessary result -- please attach a copy of this email so that the Court may understand our position.

Thanks.

David M. Burkoff
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
Phone: 617-720-2626
Fax: 617-624-4895

This e-mail, and any attachments hereto, is intended only for use by the
addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.


-----Original Message-----
From: Bill Corbett [mailto:wpc@bostonbarristers.com]
Sent: Tuesday, May 03, 2005 1:20 PM
To: Burkoff, David
Cc: tegan@peabodyarnold.com; tcasey@ropesgray.com
Subject: RE: Activity in Case 1:05-cv-10118-GAO Passatempo et al v. McMenimen et al "Motion for Preliminary Injunction"


Dave,

That sounds unacceptable.

Mr. McMenimen will not agree to any restraints other than those imposed by G.L. c. 109A.  You have been aware of that position since you first read the e-mail I sent you at 1:08 p.m. on January 12, 2005.

If you will not grant me the same courtesy I extended you in February -- a "no strings" assent to a 2 week extension -- I will make a motion over your opposition.

Please let me know how I should proceed.

Bill


William P. Corbett, Jr.
THE CORBETT LAW FIRM
A Professional Corporation
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
Phone: (781) 596-9300
Fax: (781) 596-9302
www.BostonBarristers.com


-----Original Message-----
From: Burkoff, David [mailto:dburkoff@toddweld.com]
Sent: Tuesday, May 03, 2005 12:46 PM
To: Bill Corbett
Cc: tegan@peabodyarnold.com; tcasey@ropesgray.com
Subject: RE: Activity in Case 1:05-cv-10118-GAO Passatempo et al v. McMenimen et al "Motion for Preliminary Injunction"


Bill,

We'd be willing to file a joint stipulation with the Court that (a) extends your time to oppose, and (b) memorializes your agreement to abide by the relief we have requested until the Court decides our Motion.

Let me know how that sounds.

Dave


David M. Burkoff
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
Phone: 617-720-2626
Fax: 617-624-4895

This e-mail, and any attachments hereto, is intended only for use by the
addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.


-----Original Message-----
From: Bill Corbett [mailto:wpc@bostonbarristers.com]
Sent: Tuesday, May 03, 2005 12:01 PM
To: Burkoff, David
Cc: tegan@peabodyarnold.com; tcasey@ropesgray.com
Subject: FW: Activity in Case 1:05-cv-10118-GAO Passatempo et al v. McMenimen et al "Motion for Preliminary Injunction"

Dave,

I need to ask you to extend me the same courtesy I extended you when you needed extra time to respond to my motion to dismiss.

Under LR 7.1, my opposition to your motion for preliminary injunction is due on May 16, 2005. However, I have a complicated NASD arbitration beginning on May 17, and I cannot adequately prepare for the arbitration and assemble my opposition to your motion in the next two weeks.

I therefore request your assent to a motion to extend my response time until May 31, 2005.

Please let me know ASAP if you will not assent to such a motion.

Thanks

Bill



William P. Corbett, Jr.
THE CORBETT LAW FIRM
A Professional Corporation
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
Phone: (781) 596-9300
Fax: (781) 596-9302
www.BostonBarristers.com


-----Original Message-----
From: ECFnotice@mad.uscourts.gov [mailto:ECFnotice@mad.uscourts.gov]
Sent: Monday, May 02, 2005 3:07 PM
To: CourtCopy@mad.uscourts.gov
Subject: Activity in Case 1:05-cv-10118-GAO Passatempo et al v. McMenimen et al "Motion for Preliminary Injunction"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp \$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 5/2/2005 at 3:07 PM EDT and filed on 5/2/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp \$' Case Name: Passatempo et al v. McMenimen et al Case Number: 1:05-cv-10118 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?96043

Document Number: 15
Copy the URL address from the line below into the location bar of your Web browser to view the document:
https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?15,96043,,47577503,

Docket Text:
  MOTION for Preliminary Injunction by Ronald P. Passatempo, Patricia D. Pietropaolo.(Burkoff, David)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=5/2/2005] [FileNumber=956582-0]

[1226a8cde70e5040158738bdcdd317fb08febef24548ee93567775f11bd551640be8d0e
9665
3137329989b453439fe14f82cd81d1ec0d45da0dfd1085fd9d1e5]]

<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau Exp \$' --> 1:05-cv-10118 Notice will be electronically mailed to: David M. Burkoff dburkoff@toddweld.com, dfisher@toddweld.com

Timothy James Casey
tcasey@ropesgray.com, SamplePlead@ropesgray.com

Howard M. Cooper
hcooper@toddweld.com, mtucker@toddweld.com

William P. Corbett , Jr
wpc@bostonbarristers.com

Timothy O. Egan
tegan@peabodyarnold.com


1:05-cv-10118 Notice will not be electronically mailed to:

4