## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD P. PASSATEMPO, TRUSTEE, )<br>On behalf of the Samuel Pietropaolo )<br>Irrevocable Trust, SAMUEL PIETROPAOLO, )<br>GRANTOR to the Samuel Pietropaolo )<br>Irrevocable Trust, and PATRICIA D. )<br>PIETROPAOLO, BENEFICIARY of the )<br>Samuel Pietropaolo Irrevocable Trust, )<br><br>    Plaintiffs, )<br><br>    v. )<br><br>FREDERICK V. McMENIMEN III, BARRY )<br>G. ARMSTRONG, NEW ENGLAND )<br>ADVISORY GROUP, LLC, 1717 CAPITAL )<br>MANAGEMENT COMPANY, NATIONWIDE)<br>PROVIDENT (f/k/a Provident Mutual Life )<br>Insurance Company), and NATIONWIDE )<br>FINANCIAL SERVICES, INC., )<br><br>    Defendants. )| Civil Action No.<br>05-10118-GAO |

## PLAINTIFFS' LIMITED OPPOSITION TO DEFENDANT FREDERICK V. McMENIMEN, III'S MOTION FOR ENLARGEMENT OF TIME TO FILE OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Ronald P. Passatempo and Patricia D. Pietropaolo ("Plaintiffs") respectfully file this limited opposition to Defendant Frederick V. McMenimen, III's Motion For Enlargement Of Time To File Opposition To Motion For Preliminary Injunction. Although Mr. McMenimen has styled his Motion as a "Motion for Enlargement," in actuality it outlines his argument in opposition to Plaintiffs' Motion for Preliminary Injunction and, accordingly, the Plaintiffs are compelled to briefly reply by means of this limited opposition. In support thereof, the Plaintiffs state as follows:

1.     As a preliminary matter, the Plaintiffs regret the necessity of having to burden the Court with this issue. Motion practice with respect to the enlargement sought by Mr. McMenimen was both unnecessary and preventable. As reflected in the e-mail communications between counsel attached as Exhibit A to Mr. McMenimen's Motion, when Mr. McMenimen sought the Plaintiffs' assent thereto, the Plaintiffs were amenable to as much additional time as Mr. McMenimen wanted so long as he would in turn agree to refrain from transferring at minimum $900,000 of his assets until the Plaintiffs' Motion For Preliminary Injunction is decided by the Court. The $900,000 figure reflects the amount the Plaintiffs seek to enjoin Mr. McMenimen from conveying, outside of the ordinary course, via their Motion For Preliminary Injunction in order to secure the judgment they anticipate obtaining in this case. As discussed in the Plaintiffs' motion papers, given Mr. Pietropaolo's unfortunate recent death, his widow, who is depending on the insurance benefits at issue here, is entitled to this security. Since Mr. McMenimen has nonetheless refused to provide assurances regarding the transfer of his assets pending the Court's decision on preliminary relief, the Plaintiffs cannot assent to his Motion. The Plaintiffs repeat here that if Mr. McMenimen will stipulate, without prejudice to the pending Motion For Preliminary Injunction, not to alienate or transfer his assets as requested in the interim, then the Plaintiffs assent to his Motion For Enlargement.

2.     In addition, the Court should be aware that the Plaintiffs were likewise intent on avoiding the necessity of having to file their Motion For Preliminary Injunction at all, having sought to resolve this issue cooperatively and without motion practice. The Plaintiffs were compelled to file, however, as a result of Mr. McMenimen's refusal to provide any support whatsoever for his assertion that he will be able to cover the

judgment that will likely be entered against him when this matter is eventually decided on the merits. Because this case concerns fraudulent conduct by Mr. McMenimen, the Plaintiffs are particularly concerned that such conduct will not be covered by any insurance he may carry. Again, as Mr. Pietropaolo's widow (Mr. McMenimen's aunt), Plaintiff Patricia D. Pietropaolo, must now begin to live on the proceeds of the deficient insurance policy actually obtained, and with respect to which it has been demonstrated that Mr. McMenimen has been untruthful, there is significant concern that Mrs. Pietropaolo's efforts not be in vain.

3.      The Plaintiffs also wish to comment briefly on the threat made by Mr. McMenimen in his Motion to seek some unspecified relief from the Court if the Plaintiffs do not withdraw their Motion For Preliminary Injunction. As is likely now apparent to the Court, there is a high degree of contentiousness among the parties in this matter, as is unfortunately often the case with intra-family disputes. In large part, this unpleasantness stems directly from the wrongful acts and omissions by Mr. McMenimen that are the subject of this lawsuit, and which are detailed in the Amended Complaint, including the great worry Mr. McMenimen's actions caused Mr. Pietropaolo as he struggled with cancer during the last months of his life and the worry his widow must now deal with since her husband of many years has died. Apparently, Mr. McMenimen believes that his ill feelings towards his family give him license to threaten them for seeking legal redress for the wrongs committed here. It should go without saying that the Plaintiffs' Motion for Preliminary Injunction is a good faith effort to protect the interests of an aged widow – interests which, sadly, have been jeopardized by the fraudulent acts of her nephew.

There is absolutely no basis for Mr. McMenimen's not so implicit and unfortunate threat to file a motion for sanctions.

4.      Mr. McMenimen argues that the Supreme Court's decision in <u>Grupo Mexicano</u> <u>De Desarrollo, S.A. v. Alliance Bond Fund, Inc.</u>, 527 U.S. 308 (1999), prohibits the Court from granting the preliminary relief sought by the Plaintiffs. Motion ¶ 3. However, <u>Grupo Mexicano</u> dealt solely with *Rule 65* of the Federal Rules of Civil Procedure, <u>id.</u> at 318, n.3, whereas the Plaintiffs here seek relief pursuant to *Rule 64*. Under Rule 64, "during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held." Fed. R. Civ. P. 64. Since Massachusetts courts routinely grant the form of relief requested by the Plaintiffs, <u>see,</u> <u>e.g.</u>, <u>R.G. v. Hall</u>, 37 Mass. App. Ct. 410 (Mass. App. 1994) (discussing preliminary injunction freezing assets of defendant in suit for damages); <u>Qwest Communications</u> <u>Corp. v. Cyber Access Internet Communications, Inc.</u>, 2000 Mass. Super. LEXIS 556 at *3 (Dec. 8, 2000) (same), and since the Plaintiffs have moved for such relief pursuant to Rule 64 rather than Rule 65, <u>Grupo Mexicano</u> and its progeny are simply inapposite, <u>see</u> <u>U.S. ex rel. Rahman v. Oncology Assocs.</u>, 198 F.3d 489, 501 (4th Cir. 1999) ("the scope of [Rule 64] incorporates state procedures authorizing any meaningful interference with property to secure satisfaction of a judgment, including any state-authorized injunctive relief for freezing assets to aid in satisfying the ultimate judgment in a case.").

5.      Finally, Mr. McMenimen gratuitously opines in his "Motion For Enlargement" that "it is now clear," due to Mr. Pietropaolo's recent death, "that the

plaintiffs have no reasonable expectation of adducing at trial admissible evidence

necessary to establish essential elements of their claims against Mr. McMenimen," and

that he is therefore "entitled to judgment as a matter of law." Motion ¶ 6. To the extent it

is necessary to engage Mr. McMenimen on this point at this time, the Plaintiffs would

only note that Mr. Pietropaolo was not the only plaintiff in this action – there are two

others, both of whom are very much alive, and both of whom were (and remain) very

much aggrieved by Mr. McMenimen's unlawful conduct. Further, the Plaintiffs have

submitted with their Motion For Preliminary Injunction the Affidavit of Samuel F.

Pietropaolo, which verifies the Amended Complaint. Samuel F. Pietropaolo is the son of

Mrs. Pietropaolo and the late Samuel Pietropaolo, and as indicated throughout the

Amended Complaint, he acted as his parents' agent with respect to many of their dealings

with Mr. McMenimen and he stands ready and able to serve as a percipient witness to

Mr. McMenimen's wrongdoing as this case goes forward.

> Respectfully submitted,
>
> Plaintiffs RONALD P. PASSATEMPO,
> TRUSTEE, On behalf of the Samuel
> Pietropaolo Irrevocable Trust, SAMUEL
> PIETROPAOLO, GRANTOR to the Samuel
> Pietropaolo Irrevocable Trust, and
> PATRICIA D. PIETROPAOLO,
> BENEFICIARY of the Samuel Pietropaolo
> Irrevocable Trust,
>
> By their counsel:
>
> /s/ David M. Burkoff
> Howard M. Cooper (BBO #543842)
> David M. Burkoff (BBO #657447)
> Todd & Weld LLP
> 28 State Street
> Boston, MA 02109
> (617) 720-2626

Dated: May 5, 2005