UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONALD P. PASSATEMPO, TRUSTEE,<br>On behalf of the Samuel Pietropaolo<br>Irrevocable Trust, SAMUEL PIETROPAOLO,<br>GRANTOR to the Samuel Pietropaolo<br>Irrevocable Trust, and PATRICIA D.<br>PIETROPAOLO, BENEFICIARY of the<br>Samuel Pietropaolo Irrevocable Trust,<br><br>    Plaintiffs,<br><br>v.<br><br>FREDERICK V. McMENIMEN III, BARRY<br>G. ARMSTRONG, NEW ENGLAND<br>ADVISORY GROUP, LLC, 1717 CAPITAL<br>MANAGEMENT COMPANY, NATIONWIDE<br>PROVIDENT (f/k/a Provident Mutual Life<br>Insurance Company), and NATIONWIDE<br>FINANCIAL SERVICES, INC.,<br><br>    Defendants. | Civil Action No.<br>05-10118-GAO |

## PLAINTIFFS' REQUEST FOR LEAVE TO FILE REPLY IN FURTHER SUPPORT OF AMENDED MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Ronald P. Passatempo, Trustee, and Patricia D. Pietropaolo ("Plaintiffs") respectfully request leave pursuant to Local Rule 7.1(B)(3) to file the accompanying Reply in Further Support of Amended Motion for Preliminary Injunction, and the accompanying Second Affidavit of Samuel F. Pietropaolo in support thereof.

As grounds for this request, Plaintiffs' state, first, that Defendant Frederick V. McMenimen III's Opposition to Plaintiffs' Amended Motion for Preliminary Injunction ("Opposition") includes an extensive discussion of Massachusetts General Law chapter 175, section 181, which Mr. McMenimen mistakenly asserts is a statute of repose barring

all of Plaintiffs' state law claims. Plaintiffs did not discuss this so-called "statute of repose" in their initial motion papers because, in fact, it is a statute of limitations which poses no threat to Plaintiffs' claims, as detailed in the accompanying Reply. In addition, Mr. McMenimen's Opposition misapplies the Supreme Court's decision in <u>Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.</u>, 527 U.S. 308 (1999), to the circumstances at hand, and the accompanying Reply includes a brief discussion of this point as well. Finally, Mr. McMenimen filed an accompanying Declaration with his Opposition which he relies upon heavily in support of his arguments therein. The Second Affidavit of Samuel F. Pietropaolo accompanying this Request for Leave refutes many of Mr. McMenimen's self-serving and unsupported assertions in his Declaration and, thus, it provides crucial support for Plaintiffs' Amended Motion for Preliminary Injunction.

WHEREFORE, Plaintiffs respectfully request leave to file the accompanying Reply in Further Support of Amended Motion for Preliminary Injunction, as well as the accompanying Second Affidavit of Samuel F. Pietropaolo.

Respectfully submitted,

Plaintiffs RONALD P. PASSATEMPO, TRUSTEE, On behalf of the Samuel Pietropaolo Irrevocable Trust, SAMUEL PIETROPAOLO, GRANTOR to the Samuel Pietropaolo Irrevocable Trust, and PATRICIA D. PIETROPAOLO, BENEFICIARY of the Samuel Pietropaolo Irrevocable Trust,

By their counsel:

/s/ David M. Burkoff
Howard M. Cooper (BBO #543842)
David M. Burkoff (BBO #657447)
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 720-2626

Dated: June 22, 2005

## Local Rule 7.1(A)(2) Certification

I hereby certify that I have conferred with counsel for Defendant Frederick V. McMenimen III in a good faith attempt to resolve or narrow the issues presented herein.

/s/ David M. Burkoff