UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

RONALD P. PASSATEMPO, TRUSTEE, )
On behalf of the Samuel Pietropaolo )
Irrevocable Trust, SAMUEL PIETROPAOLO, )
GRANTOR to the Samuel Pietropaolo )
Irrevocable Trust, and PATRICIA D. )
PIETROPAOLO, BENEFICIARY of the )
Samuel Pietropaolo Irrevocable Trust, )
                                                    )
      Plaintiffs, )
                                                    ) Civil Action No.
v. ) 05-10118-GAO
                                                    )
FREDERICK V. McMENIMEN III, BARRY )
G. ARMSTRONG, NEW ENGLAND )
ADVISORY GROUP, LLC, 1717 CAPITAL )
MANAGEMENT COMPANY, NATIONWIDE )
PROVIDENT (f/k/a Provident Mutual Life )
Insurance Company), and NATIONWIDE )
FINANCIAL SERVICES, INC., )
                                                    )
     Defendants. )

---

## AFFIDAVIT OF DAVID M. BURKOFF

I, David M. Burkoff, hereby state and depose under oath:

1.     I am an attorney at Todd & Weld LLP. I represent Plaintiffs in this matter together with my colleague Howard M. Cooper.

2.     Attached hereto at Exhibits A through E are true and correct copies of the following documents:

        Exhibit A:    E-mail exchange between William P. Corbett and Tyler E. Chapman (Dec. 23, 2004 through Dec. 24, 2004)

        Exhibit B:    E-mail exchange between William P. Corbett and David M. Burkoff (January 11, 2005 through January 12, 2005)

        Exhibit C:    E-mail exchange between William P. Corbett and Howard M. Cooper (March 4, 2005)

Exhibit D:   E-mail exchange between William P. Corbett and David M. Burkoff (May 27, 2005 through May 30, 2005)

Exhibit E:   E-mail exchange between William P. Corbett and David M. Burkoff (May 31, 2005)

Signed under the pains and penalties of perjury this 24th day of June, 2005.

_____
David M. Burkoff

# Exhibit A

-----Original Message-----
From: Bill Corbett [mailto:WPC@BostonBarristers.com]
Sent: Friday, December 24, 2004 3:41 PM
To: Chapman, Tyler
Subject: RE: AIA v iPROMOTEu


Cut the bullshit, Tyler.

I imagine that you were in a position to deal with this matter at 1:13 yesterday afternoon, when I sent you my e-mail offering forbearance over the Christmas holiday.

It is not my intention to take advantage of your vacation; I simply don't want to have my client disadvantaged because I extend you a professional courtesy. If you had read my goddam e-mail, you would have known this.

I never said I was pursuing the litigation "on the fly." As you know, that reference was to the initial C&D letter, not to the litigation. If you value your credibility, you ought to refrain from making stuff like that up.

Nor will I "rush into court on an ex parte basis". I gave you a heads-up on Monday, and I will certainly notify you and/or Kevin Peters (who is also on iPROMOTEu's pleadings) when I go to court for the TRO. If you continue to leave open the possibility of using my restraint against me, I cannot in good conscience undertake not to seek such relief before you return from vacation. The ball is in your Court, dude.

Finally, you've got a real problem with loosely throwing around terms like "unethical" and "bad faith" without any basis. Just because our clients disagree doesn't mean that you have to be such a disagreeable SOB. I hope that when you get back from vacation, you will be disposed to deal with this matter in a more professional, civil and trustworthy manner.

Merry Christmas



William P. Corbett, Jr.
The Corbett Law Firm
 A Professional Corporation
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
Telephone: (781) 596-9300
Facsimile: (781) 596-9302
E-Mail: WPC@BostonBarristers.com
www.BostonBarristers.com


-----Original Message-----
From: Chapman, Tyler [mailto:tchapman@toddweld.com]
Sent: Friday, December 24, 2004 3:26 PM
To: WPC@BostonBarristers.com
Subject: RE: AIA v iPROMOTEu

I am in no position to deal with this matter from vacation. I expect you will take a vacation at some point during this litigation and that you will appreciate that opposing counsel not rush into court on an ex parte basis when you do. Your prior statement that you are pursuing this litigation "on the fly," does not justify your trying to manufacture an emergency where none exists in an obvious effort to gain an unfair

advantage. If you insist on proceeding ex parte knowing that I am unavailable and without any legitimate basis for ignoring the Rules, I will of course bring your unethical conduct to the attention of the Court when I return.


-----Original Message-----
From:    Bill Corbett [mailto:WPC@BostonBarristers.com]
Sent:    Thu 12/23/2004 1:13 PM
To:      Chapman, Tyler
Cc:
Subject: AIA v iPROMOTEu

Tyler,


I just received your fax and need to clear up a few apparent misapprehensions:


*   I did not demand that you appear in Court tomorrow. I demanded on behalf of my client that iPROMOTEu and its agent, Robert Montgomery, undertake by the close of business today to desist from competitive activity which violates Mr. Montgomery's AIA Employee Agreement. As I said in my letter of Monday evening, I did not learn of this additional misconduct until Monday afternoon, and it is imperative that I act swiftly to check it.


*   You know as well as I do that you haven't been served with the emergency motions because they won't be necessary unless and until my efforts to secure voluntary compliance with the law are unsuccessful. Should your client fail to desist from the Montgomery-related misconduct as I demanded on Monday, I reserve AIA's right to amend its complaint and seek a TRO on an emergency basis. However, I won't be putting the papers together until you advise me later today whether iPROMOTEu intends to continue with the Montgomery-related activity. As you surely know, this is precisely the type of emergency motion contemplated by Rule 9A(e)(1), and it would "fully compl[y] with the Superior Court Rules."


*   That tomorrow is Christmas Eve is an unfortunate coincidence. I do not relish the prospect of going to court and trying to convince a judge to put a guy out of business on Christmas Eve any more than you want to miss a day of your vacation. It was only as a courtesy to you and your colleagues, mindful of the upcoming holiday, that I gave you a "heads up" on Monday that I could be seeking a TRO on Friday. Furthermore, I expect that if I do not move promptly, you will argue that I sat on the information I acquired on Monday and interpose a laches defense to my request for injunctive relief.


*   Before you set about your plan to "refute" the statements set forth in my letter of Monday, I advise you to investigate the facts. Mr. Montgomery - unlike Mr. Ainsley - either did not succeed in stealing his Employee Agreement from his file or did not attempt to do so, so iPROMOTEu cannot hide behind a "What Employee Agreement?" defense. I have documentary proof that Mr. Montgomery has been selling for iPROMOTEu within Eastern Massachusetts since your client was served with a copy of the complaint to which his Employee Agreement was appended. What is there to refute?

Nevertheless, assuming that iPROMOTEu will again refuse to abide by its legal obligations not to meddle in AIA's agreement with a former employee, I will undertake not to seek a TRO tomorrow under the following conditions:

\*      Mr. Montgomery must not solicit or accept orders from any person or entity within Eastern Massachusetts or any other customer or former customer of AIA during the period of forbearance on which we agree;

\*      iPROMOTEu must not accept or fulfill any orders from Mr. Montgomery during that period; and

\*      In consideration of this forbearance, iPROMOTEu will undertake not to argue laches in this case

If these terms are acceptable, please let me know how long you need the forbearance period to be. Otherwise, I will have to do whatever is necessary and appropriate to protect AIA in a timely fashion.

Finally, as you know from my letter dated December 19, 2004, the specification of Saturday, February 5, 2005 for your client's Rule 30(b)(6) deposition was an error, and the actual date is February 7, 2005. I trust that this date will not be a problem, given that it was set more than seven weeks in advance, and that the person or persons necessary to provide the knowledge of iPROMOTEu on the specified topics will appear in my office on that date. If you will be designating different persons for different topics, please let me know, so we can discuss whether it would be practicable to structure the deposition in such a fashion that all designees need not be present for the whole deposition

Bill Corbett

William P. Corbett, Jr.

The Corbett Law Firm

A Professional Corporation

85 Exchange Street, Suite 326

Lynn, Massachusetts 01901-1429

Telephone: (781) 596-9300

Facsimile: (781) 596-9302

E-Mail: WPC@BostonBarristers.com

www.BostonBarristers.com

# Exhibit B

## Burkoff, David

**From:** Bill Corbett [WPC@BostonBarristers.com]
**Sent:** Wednesday, January 12, 2005 1:08 PM
**To:** Burkoff, David
**Subject:** RE: Passatempo v. McMenimen

Dave,

Take it easy!

Rest assured that Rick McMenimen has not destroyed, nor will he destroy, any documents that are potentially discoverable in this case. There is no need for motion practice, whether stipulated or otherwise. Indeed, even if documents were improperly destroyed, you would have Rule 37 at your disposal, as well as the well-established remedies for spoliation. There's no need to manufacture issues where they don't exist.

The same is true with respect to your saber-rattling about prejudgment security. For 4 main reasons, you would be wasting your time and your clients' money in pursuing such a course. First, prejudgment security presupposes an absence of liability insurance and, as we discussed on Monday, I am in the process of rounding up all information I can about available coverage; if you want proof of coverage, make an appropriate discovery request, and we will, of course, provide you with all documents in Mr. McMenimen's possession, custody or control within the scope of Rule 26(b)(2). Second, as you and your clients are well aware, Mr. McMenimen is quite well-to-do (as you must surely know, this action amounts to Sam P. and Attorney Passatempo attempting to insert their sticky little fingers into my client's relatively deep pockets), and he is more than capable of satisfying any judgment that might be entered against him. Third, any talk of prejudgment security presupposes a finding that your clients are likely to prevail on the merits; the time-barred, factually-deficient and legally-defective claims trumped up by Sam P. and Attorney Passatempo would not clear that hurdle – even if they survived scrutiny under Rule 4(j). Fourth, Mr. McMenimen has no intention of entering into any transactions that would leave him insolvent or otherwise incapable of satisfying a judgment that could be entered against him and you have no reason to believe the contrary; even if Mr. McMenimen did have such intentions, moreover, G.L. c. 109A already prohibits the transactions you would seek to prohibit with the stipulation you propose.

Instead of creating collateral issues and building mounds of paper, let's focus our clients and their resources on achieving a prompt resolution on the merits. To that end, you still have not provided dates for Uncle Sam's deposition, which I requested in Monday's letter to Howard Cooper. Given Mr. Pietropaolo's declining health, I need to get that deposition done ASAP.

Regards,

Bill Corbett


William P. Corbett, Jr.


6/24/2005

THE CORBETT LAW FIRM
*A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
Telephone: (781) 596-9300
Facsimile: (781) 596-9302
E-Mail: WPC@BostonBarristers.com
www.BostonBarristers.com

    -----Original Message-----
    **From:** Burkoff, David [mailto:dburkoff@toddweld.com]
    **Sent:** Tuesday, January 11, 2005 6:43 PM
    **To:** WPC@BostonBarristers.com
    **Subject:** Passatempo v. McMenimen

    Bill,

    I received your earlier email attaching your emergency motion for enlargement of time to answer. At this point, there are a couple of other matters of particular concern to us. First, given that your client's manufacture and manipulation of documents is at issue in this case, we intend to promptly seek an order from the court restraining your client from destroying documents. Alternatively, we would be willing to file a stipulated-to injunction preventing destruction of documents by both sides.

    Second, you told me when we spoke on Monday that you are still in the process of looking into your client's insurance situation. We will need to see proof of coverage in very short order; otherwise we will plan on moving for pre-judgment security. In the alternative, as above, we would be willing to file a stipulation with the court restricting transfer of assets outside the ordinary course of business.

    Please give me a call at your earliest convenience to discuss these matters.

    David M. Burkoff
    Todd & Weld LLP
    28 State Street, 31st Floor
    Boston, MA 02109
    Direct: 617-624-4775
    Fax: 617-624-4895

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof

# Exhibit C

## Burkoff, David

**From:** Bill Corbett [WPC@BostonBarristers.com]
**Sent:** Friday, March 04, 2005 6:29 PM
**To:** Cooper, Howard
**Cc:** Burkoff, David
**Subject:** RE:

Mr. Cooper,

First, what are the sarcasm and posturing to which you refer? My concerns and increasing frustration about Uncle Sam's deposition are dead serious – as you have known since my very first letter to you on January 10, 2005 (copy attached). I have been consistently intent on having that deposition taken before Uncle Sam is too weak to participate meaningfully, and my efforts have been consistently stymied. Mr. McMenimen also has been monitoring his uncle's health, which is why our concerns about the deposition are growing. We had a window in which we could have had that deposition completed, and with radiation therapy about to begin on Monday, that window is now closed. Furthermore, although the course of treatment might not be life-threatening itself, your 76-year old client was seriously ill to begin with, and the addition of lung cancer to the mix makes it by no means certain that he will ever again be strong enough to testify. That's not a happy thought, but it is an unfortunate reality. I would much rather have Uncle Sam's testimony than a "missing witness" instruction, but I may have to make do with the latter if the former is not possible.

Second, how do you propose that I refer to the elder Mr. Pietropaolo? The fact of the matter is that Mr. McMenimen has always referred to your client, the husband of his Aunt Pat, as "Uncle Sam." Combine that with the fact that, if any aspect of Mr. McMenimen's motion to dismiss is denied, there will be another Samuel Pietropaolo involved as a party in the litigation (Mr. McMenimen's cousin, the son of Uncle Sam and Aunt Pat), and "Uncle Sam" is more than appropriate as a sobriquet. It was Cousin Sam and Attorney Passatempo – not I – who chose to manufacture an intra-family dispute, making the use of terms like "Uncle Sam" inevitable.

I share your desire to iron out our differences about Uncle Sam's deposition without burdening Judge O'Toole, but I will not permit Mr. McMenimen to be prejudiced unnecessarily. Thus, while I would indeed welcome the opportunity to hear what your client has to say before formulating my cross-examination, it is for that selfsame reason that I must insist on the discovery deposition going first. There is no need to depart from the usual order. When Uncle Sam joined in the commencement of this lawsuit, he assumed a duty to make himself available for a discovery deposition, regardless of whether you take a preservation deposition. In any event, a decent discovery deposition would, at the very least, make the cross-examination crisper and shorter. Adequate discovery would also allow the cross-examination to proceed more gently and with less confrontation – both of which should be beneficial for Uncle Sam and those who are genuinely concerned for his welfare. Furthermore, I'm sure that you would appreciate seeing what holes might be exposed in Uncle Sam's testimony before you lock yourself into a narrative on direct examination.

On the other hand, we do not necessarily disagree concerning the timing and duration of the deposition sessions, now that the pre-radiation window of opportunity has been closed. This is, after all, family about which we're talking. Mr. McMenimen does not want to cause his uncle any discomfort, but the stratagems of Cousin Sam and Attorney Passatempo have unfortunately dragged Uncle Sam into this unpleasantness, along with Mr. McMenimen. We are prepared to take all practicable steps to avoid burdening Uncle Sam more than necessary, and we will assuredly do whatever we can to limit the burdens that fall within the "necessary" category.

Don't hesitate to call if you wish to discuss these matters. I understand that we will not be able to schedule Uncle Sam's deposition definitively until we see how he is tolerating his radiation therapy, but we should work out the mechanics now, and perhaps set some tentative dates, so we can move with dispatch once the radiation treatments are complete. As I said in my recent e-mails to Dave Burkoff, we will have to include the other defendants in that discussion, since they all have the same interest in obtaining Uncle Sam's testimony.

Finally, on a more pleasant note, congratulations on the verdict you obtained for Judge Murphy last week. He is a good man who was treated mighty shabbily by the *Herald*, and it's encouraging to see the wrongdoers held to

account.

I look forward to speaking with you.

Bill Corbett

William P. Corbett, Jr.
THE CORBETT LAW FIRM
*A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
Telephone: (781) 596-9300
Facsimile: (781) 596-9302
E-Mail: WPC@BostonBarristers.com
www.BostonBarristers.com

>     -----Original Message-----
>     **From:** Cooper, Howard [mailto:hcooper@toddweld.com]
>     **Sent:** Friday, March 04, 2005 3:41 PM
>     **To:** WPC@BostonBarristers.com
>     **Cc:** Burkoff, David
>     **Subject:**
>
>     Mr. Corbett -
>
>     Please direct your future communications regarding my client's deposition to me, with a copy to my colleague, David Burkoff. In so doing, I ask respectfully that you hold your sarcasm to yourself, that you stop referring to my client as "Uncle Sam", and that you cease your posturing with respect to why it is that no deposition has taken place to date. Believe me, we are as, if not more, concerned than you about having a jury see and hear our client's testimony. We have been monitoring his situation carefully and will continue to do so to that end.
>
>     My view is that my client's health considerations should dictate how and when his deposition proceeds. We intend to take a preservation deposition likely by videotape. We will determine when and where to do so based upon the client's health considerations, input from his physician and what we hope will be cooperative input from all defendants' counsel. Given that the deposition likely will need to proceed in short sessions, it makes sense for us to conduct the direct examination first. You and other defense counsel will then have an opportunity to think about cross-examination/discovery issues and can then proceed with your questioning any way you like within reasonable time limits and as the witness can tolerate the process. Since the transcript and video can be edited, there is no need for a separate discovery deposition in advance; an event which risks burdening my client more than is necessary given the number of lawyers who will be asking questions. I would think you would welcome the opportunity to hear what my client has to say first before formulating your questioning.
>
>     I am sure that we can work out an appropriate schedule. If we can't, then we can present the matter to Judge O'Toole for his consideration, although I am sure he will be disappointed if we cannot work this out on our own where it involves an ill party. As things stand at the moment, my client will be undergoing a course of treatment which we do not understand to be life threatening, so there is no immediate need to impose on him until after he is feeling better.
>
>     Thank you.
>
>     Howard Cooper

6/23/2005

Howard M. Cooper
Todd & Weld LLP
28 State Street
Boston, MA 02109
Direct Dial (617) 624-4713
Fax (617) 227-5777
*hcooper@toddweld.com*

This e-mail and any attachment thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.

6/23/2005

# Exhibit D

## Burkoff, David

**From:** Bill Corbett [wpc@bostonbarristers.com]
**Sent:** Monday, May 30, 2005 10:24 PM
**To:** Burkoff, David
**Cc:** tegan@peabodyarnold.com; tcasey@ropesgray.com; Cooper, Howard
**Subject:** RE: Reply Brief

Dave,

I don't understand your consternation. You won't be prejudiced in the least. Because technical difficulties prevented me from filing the documents on Friday afternoon (or over the weekend, for that matter), it is unlikely that Judge O'Toole could read the reply brief before the hearing anyway. If you want to file a surreply after the hearing, I will not object, provided that you do not withdraw your assent to my filing the reply brief.

The fact of the matter is that I e-mailed the motion to you on Friday because, even if leave to file the reply brief is not granted, I will be making the same arguments during the hearing, and I wanted to ensure that you had fair notice of those arguments. You are certainly better off having had notice of the arguments on Friday than you would be if I sprung them on you during oral argument, which I certainly could have done.

I think your real quarrel is with your clients. I have told you from the outset that Attorney Passatempo and Cousin Sam are not being straight with you. Now you know some of the facts they have withheld. There are more.

Bill


William P. Corbett, Jr.
THE CORBETT LAW FIRM
*A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
Phone: (781) 596-9300
Fax: (781) 596-9302
www.BostonBarristers.com

>   -----Original Message-----
>   **From:** Burkoff, David [mailto:dburkoff@toddweld.com]
>   **Sent:** Monday, May 30, 2005 5:44 PM
>   **To:** Bill Corbett
>   **Cc:** tegan@peabodyarnold.com; tcasey@ropesgray.com; Cooper, Howard
>   **Subject:** RE: Reply Brief
>
>   Bill,
>
>   Since our assent to your motion for leave to file a reply was conditioned on your assent to any motion for leave to file a surreply that we might choose to file, you could not seriously or reasonably have believed that our assent would apply to a motion filed the very day of the hearing (i.e. leaving no time for consideration of your arguments and preparation of a surreply). The fact that you emailed copies of your motion and reply to me at 7pm at the start of the holiday weekend preceding the hearing does not change matters. If you do insist on filing tomorrow, please remove any reference to our "assent." Needless to say, we will oppose your motion for leave to file.
>
>   Dave

6/23/2005

David M. Burkoff
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
Phone: 617-720-2626
Fax: 617-624-4895

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.

-----Original Message-----
**From:** Bill Corbett [mailto:wpc@bostonbarristers.com]
**Sent:** Friday, May 27, 2005 7:03 PM
**To:** Burkoff, David
**Cc:** tegan@peabodyarnold.com; tcasey@ropesgray.com
**Subject:** Reply Brief

Dave,

Attached is a copy of the motion to file a reply brief we discussed earlier this month, along with a proposed reply brief. I've been having the damndest time getting the documents filed online, and I wanted to get them to you as soon as possible, mindful that I might not be able to get the documents filed formally until Tuesday morning, when the Court's help desk is again open.

As we previously agreed, I will assent to any reasonable motion you make to file a surreply.

Though the 21 day safe harbor period expired yesterday, I will not be filing the Rule 11 motion until after Tuesday's hearing, in order to keep the argument focused. Because I am not filing the motion immediately, I will proceed as if the safe harbor has been extended until the hearing on Tuesday, and I will not file the Rule 11 motion at all if you withdraw the request for injunctive relief before then.

I'll see you at the hearing on Tuesday afternoon.

Bill


William P. Corbett, Jr.
THE CORBETT LAW FIRM
*A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
Phone: (781) 596-9300
Fax: (781) 596-9302
www.BostonBarristers.com

6/23/2005

# Exhibit E

## Burkoff, David

| | |
|---|---|
| **From:** | Bill Corbett [wpc@bostonbarristers.com] |
| **Sent:** | Tuesday, May 31, 2005 11:20 PM |
| **To:** | Burkoff, David |
| **Cc:** | Cooper, Howard |
| **Subject:** | RE: Passatempo v. McMenimen, et al. |

Dave,

The safest way to avoid a motion for sanctions in this case would have been for you to avail yourself of Rule 11's safe harbor. I implored you to do so, because I have no appetite for such unpleasant collateral litigation. You instead continue to persist with your frivolous motion. I guess we'll have to let the chips fall where they may.

Judge O'Toole's passing comment did not concern the merits of your motion. The District Court's jurisdiction may be a "complicated issue" in the main, because there are some exceptions to the *Grupo Mexicano* rule, but none of those exceptions apply here. In this case – an action for money damages only – the issue is palpably simple. You cannot argue with a straight face that the motion for preliminary injunction is "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Nor could you argue in good faith that my Rule 11 motion, even if it is ultimately unsuccessful, fails to satisfy that standard. Given the clarity of *Grupo Mexicano* and *Charlesbank Equity Fund II* on these issues, and the absence of any authority whatsoever supporting yours, I will lose no sleep over your idle threat.

Quit screwing around. There is no need for this sideshow. You know your chances of obtaining the injunction are minimal. You also know – as evidenced by your perceived need to file an amended motion and your threat of this evening – that you have significant exposure under Rule 11. Just drop the damn motion for a preliminary injunction and focus on the merits (or, more precisely, the lack thereof) of your clients' case.

Bill


William P. Corbett, Jr.
THE CORBETT LAW FIRM
*A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
Phone: (781) 596-9300
Fax: (781) 596-9302
www.BostonBarristers.com

>-----Original Message-----
>**From:** Burkoff, David [mailto:dburkoff@toddweld.com]
>**Sent:** Tuesday, May 31, 2005 8:14 PM
>**To:** wpc@bostonbarristers.com
>**Cc:** Cooper, Howard
>**Subject:** Passatempo v. McMenimen, et al.
>
>Bill,
>
>Given Judge O'Toole's remark from the bench today that the availability of the injunctive relief we've requested is a complicated issue, our expectation is that you will refrain from filing your motion for sanctions, as arguments which raise complicated issues are hardly frivolous -- i.e., sanctionable -- under Rule 11. Please be advised that should you choose to proceed with your motion, we intend to cross-move for sanctions in turn.

6/23/2005

Thanks,

Dave

6/23/2005