UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
RONALD P. PASSATEMPO, Trustee of the Samuel )
Pietropaolo Irrevocable Trust, *et al.*,    )
                                            )
              *Plaintiffs,*                 )
                                            )   Case No. 05-CV-10118-GAO
       v.                                   )
                                            )
FREDERICK V. MCMENIMEN III, *et al.*,       )
                                            )
              *Defendants.*                 )
_____         )


### OPPOSITION OF DEFENDANT FREDERICK V. MCMENIMEN III TO "MOTION TO SUBSTITUTE [TEMPORARY] EXECUTOR OF PLAINTIFF SAMUEL PIETROPAOLO'S ESTATE AS A PARTY"

Pursuant to Local Rule 7.1 and Rule 25(a)(1) of the Federal Rules of Civil Procedure, defendant Frederick V. McMenimen III ("Mr. McMenimen") hereby opposes the "Motion to Substitute Executor of Plaintiff Samuel Pietropaolo's Estate as a Party" ("Motion"). The Motion should be summarily denied as a sanction for its untrue certification of compliance with Local Rule 7.1(A)(2). Alternatively, if the Court determines to countenance such blatant – indeed, contumacious – disregard of its Rule controlling motion practice, it should nonetheless deny the Motion to the extent the plaintiffs seek substitution with respect to Counts I, II, III and X of the First Amended Complaint ("Complaint") – each of which abated with respect to the late Samuel Pietropaolo ("Uncle Sam") upon his death. Had the plaintiffs' attorneys actually "conferred" with defense counsel and truly "attempted in good faith to resolve or narrow the issue," Mr. McMenimen would have assented to the Motion insofar as it sought substitution with respect to Counts IV through IX.

##### ARGUMENT

This Court's Local Rule controlling motion practice mandates that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." L.R. 7.1(A)(2). Of course, that requirement presupposes the truthfulness of such certification and assumes that counsel will, in fact, confer and attempt to bridge any gap separating his position from his adversary's. Regretfully, the instant Motion contained the requisite certificate, but it did not truthfully reflect the limited discussions among counsel, thus warranting summary denial of the Motion.

The Motion also should be denied, insofar as it relates to Counts I through III and X of the Complaint, if the Court determines to address its merits. Any party or the representative of a deceased party may move to substitute the decedent's representative as a party. FED. R. CIV. P. 25(a)(1). However, the Court's authority to order substitution after a party's death is limited to instances where the pertinent claim "is not extinguished thereby." *Id.; Burley v. Brown,* 1984 U.S. Dist. LEXIS 20677 at *3 (Skinner, J.).

In this case, although they do not state claims on which relief may be granted, Counts IV through IX might otherwise survive insofar as Uncle Sam is concerned.[1] *See Lovejoy v. Bailey,* 214 Mass. 134, 154 (1913) (survival of breach of fiduciary duty claims); G.L. c. 228, § 1(2) (survival of personal injury claims); *Harrison v. Loyal Prot. Life Ins. Co.,* 379 Mass. 212, 216-17 (1979) (survival of emotional distress claims); G.L. c. 110A, § 419(d) (survival of Massachusetts

---

[1] The death of Uncle Sam did not affect the Complaint insofar as it asserts claims by Ronald Passatempo and Patricia Pietropaolo. Those claims have fatal substantive flaws (*see* DE # 10, DE #24, DE #25, DE #27), but they were not extinguished by Uncle Sam's passing. FED. R. CIV. P. 25(a)(2).

Securities Act claims); *McStowe v. Bornstein,* 377 Mass. 804, 806 (1979) ("actions of contract survive by the common law"); *First Interstate Bank of Nevada, N.A. v. National Republic Bank of Chicago,* 1985 U.S. Dist. LEXIS 21944 *9 (N.D. Ill.) (Federal securities fraud claims survive).  However, because of the plaintiffs' intentional failure to obey Local Rule 7.1's pre-motion conference requirement, substitution should not even be allowed with respect to those claims.  In any event, Uncle Sam's putative claims for "Negligence", "Fraud, Deceit & Misrepresentation", "Negligent Misrepresentation", and "Violations of Consumer Protection Laws" abated upon his passing, so substitution would not be appropriate with respect to those claims – even if the Court were to excuse the disregard by the plaintiffs' attorneys of Local Rule 7.1(A)(2).

**I.    SUMMARY DENIAL OF THE MOTION IS WITHIN THE COURT'S DISCRETION.**

This Court promulgated Local Rule 7.1 "to conserve judicial resources by encouraging parties to narrow the contours of disagreement before bringing their dispute to the court." *Converse, Inc. v. Reebok Int'l Ltd.,* 328 F. Supp. 2d 166, 170 (D. Mass. 2004) (Lindsay, J.), *adopting report & recommendation,* 328 F. Supp. 2d 166, 172 (D. Mass. 2004) (Alexander, M.J.).  "[T]he rule was designed *primarily* for the benefit of an overburdened district court, because it forces the parties to present issues for resolution by the court only where agreement is not possible after good faith consultation." *Id.* at 171. (*emphasis* in original).  Counsel must be expected to comply with its letter and spirit. *Id.*  Noncompliance is an offense against the Court itself. *Id.*  In short – although the plaintiffs and their counsel apparently believe otherwise – Local Rule 7.1 "is no trifle." *Id.*

One of the plaintiffs' attorneys made a *pro forma* statement of compliance with Local Rule 7.1(A)(2) when he certified, on page 3 of the Motion, that he

"conferred with defense counsel in a good faith attempt to resolve or narrow the issues presented" in the Motion.  However, that certification was, in a word, untrue.  Counsel's "attempt" to resolve the substitution issue was limited to a brief e-mail sent to Mr. McMenimen's counsel on the evening of June 29, 2005 (Declaration of William P. Corbett, Jr., ex. A at 2) and a similar e-mail he sent to the other defendants' attorneys the following morning (*Id.*, ex. B).  The complete text of the e-mail to Mr. McMenimen's lawyer is set forth below:

> Bill,
>
> We're going to move under Fed. R. Civ. P. 25(a) to substitute Samuel F. Pietropaolo, as executor of his father's estate, as a plaintiff in this matter. He was named temporary executor last week.  Will you assent to our bare bones motion to substitute?
>
> Thanks.

*Id.,* ex. A at 2.  The very next morning, Mr. McMenimen's attorney responded to counsel's e-mail, offering assent to a motion to substitute – but only insofar as the substitution would relate to claims which survived Uncle Sam's death – and he invited the plaintiffs' attorney to discuss the issue further.  *Id.,* ex. A at 1-2.  Instead of entering into such a dialogue, the plaintiff's lawyer proceeded to file the Motion – including a certificate of compliance with Local Rule 7.1(A)(2) – at 3:43 p.m. (*Id.*, ex. 3), and a minute later, at 3:44 p.m., he sent a tart e-mail to Mr. McMenimen's attorney, dismissing his willingness to work toward narrowing the scope of the Motion.  *Id.,* ex. A at 1.  The plaintiffs took the position that the rule did not apply to them – that it did not "require ongoing attempted discussion" in this case.  *Id.*  In other words, although the plaintiffs' counsel unqualifiedly certified his putative compliance with the rule, he filed the Motion without making any attempt whatsoever to resolve or narrow the issues presented.  Counsel merely told the defendants' attorneys that they would "be free to respond as [they] see fit." *Id.*

13-006-001

The Court's Local Rules demand more than such "hollow efforts to comply with their dictates." *Converse,* 328 F. Supp. 2d at 174.

Had the plaintiffs' counsel engaged in a genuine dialogue concerning substitution, the scope of the instant Motion would have been significantly narrower. Although Mr. McMenimen would not have assented to the entire request for substitution, it is also true – as was the case in *Converse* – that "there could have been fruitful discussions to narrow the issue." 328 F. Supp. 2d at 174. As they did when seeking to avoid sanctions under Rule 11 for their improper motion for preliminary injunctive relief, the plaintiffs might again resort to backfilling and bootstrapping (*see* DE #34) in an effort to dodge sanctions under Local Rule 7.1. However, as in *Converse,* 328 F. Supp. 2d at 174, any *post hoc* suggestions of futility the plaintiffs might make would be "more the result of self-fulfilling prophecy than genuine justification", because the issues in dispute would certainly have been narrowed, if not eliminated, after even a half-hearted attempt at dialogue.

Mr. McMenimen does not have a good faith basis for arguing that Counts IV through IX abated as to Uncle Sam upon his death, so he would have assented with respect to those claims. Concomitantly, if the plaintiffs had heeded what they characterize as "the basic and fundamental rule of *stare decisis"* (DE #32 at 4), good faith dialogue would have resulted in withdrawal of their request for substitution with respect to Counts I through III, because the Supreme Judicial Court ("SJC") has repeatedly and definitively ruled that such claims do not survive a plaintiff's death.[2] The SJC has not addressed the survivability of Chapter 93A

---

[2] *See Eulitt v. State of Maine,* 386 F.3d 344, 348 (1st Cir. 2004) (quoting *Gately v. Massachusetts,* 2 F.3d 1221, 1226 (1st Cir. 1993)) (authoritative ruling of law "binding in future cases before the same court or other courts owing obedience to the decision"). *Accord United States v. Gonzalez-Mercado,* 402 F.3d 294, 299 (1st Cir. 2005).

- 5 -

claims, and lower courts have not followed a consistent approach to that issue, so the parties likely could not have reached agreement concerning Count X.

That the survivability of one of Uncle Sam's ten putative claims would have remained in dispute is no excuse for the plaintiffs' noncompliance with Local Rule 7.1(A)(1). As Judge Lindsay has observed, "Rule 7.1 does not have a 'no harm, no foul' escape clause." *Converse,* 328 F. Supp. 2d at 170. Noncompliance "invites sanctions." *Gerakaris v. Champagne,* 913 F. Supp. 646, 651 (D. Mass. 1996) (Stearns, J.). Fashioning a proper sanction is committed to this Court's discretion. *Edwards v. New England Telephone & Telegraph Co.,* 1996 U.S. App. LEXIS 11654 *3 (1st Cir.).

Unlike the motions at issue in *Gerakaris,* and *Walley v. Agri-Mark, Inc.,* 2003 U.S. Dist. LEXIS 17059 *8 n.2 (Zobel, J.), outright opposition to the instant motion was not certain – indeed, the possibility of at least partial assent had been expressed to the plaintiffs' counsel – so summary denial should remain within the range of sanctions considered by the Court. Furthermore, insofar as the credibility of representations to this Court by plaintiffs' counsel are already under a cloud (*see* DE #28), they should have been particularly sensitive to their obligations under Local Rule 7.1. Finally – and most importantly – the plaintiffs' counsel falsely certified that he had attempted in good faith to narrow the issues. Under these extraordinary circumstances, summary denial, plus reimbursement of the attorney's fees incurred by Mr. McMenimen in connection with this Motion, would be the most appropriate sanction.

There was no urgency which might have diminished the egregiousness of the plaintiffs' disregard of Rule 7.1 or excused the dishonesty of counsel's certification. The plaintiffs have known since April 4, 2005, when Mr. McMenimen

13-006-001

suggested Uncle Sam's death on the record (DE #14), that they would have 90 days in which the representative of Uncle Sam's estate could seek to have himself substituted as a plaintiff with respect to any claims which survived Uncle Sam's death. FED. R. CIV. P. 25(a)(1). The plaintiffs "had ample time to fully comply with Rule 7.1, but made no effort to do so." *Converse,* 328 F. Supp. 2d at 174. Their counsel instead made "a deliberate choice to disregard the rules of the District Court – the equivalence of a 'technical' foul." *Id.* "[T]here is an aspect of bad faith present here that was not present in *Gerakaris"* and the other cases where the offending motion was not summarily denied. *Id.* at n.7*.*

## II.      SUBSTITUTION IS IMPERMISSIBLE WITH RESPECT TO AT LEAST FOUR COUNTS.

Counts I through III and X of the Complaint do not arise under Federal law. Accordingly, the question of their survival is a matter of Massachusetts law. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938); *Schreiber v. Sharpless,* 110 U.S. 76, 80 (1884); *Burley v. Brown,* 1984 U.S. Dist. LEXIS 20677 at *3 (Skinner, J.). *See* 7C Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE § 1954 at 537 (1986) (when "state law provides the rule of decision, state law is controlling on whether the claim survives") *but see Glanz v. Vernick,* 750 F. Supp. 39, 42 (1990) (Mazzone, J.) (quoting *Smith v. Department of Human Servs.,* 876 F.2d 832, 834 (10th Cir. 1989)) (survival of claim arising under Federal statute "governed by federal common law when . . . there is no expression of contrary intent.").

Historically, under Massachusetts law, "a right of action for tort did not survive the death either of the person injured or the wrongdoer." *Harrison,* 379 Mass. at 214. That "ancient common law dogma" was altered by the Commonwealth's Survival Statute, G.L. c. 228, § 1, which sets forth a list of torts – largely involving personal injuries or property damage – that survive a party's

death. *Id.* As discussed below, four of Uncle Sam's putative claims do not survive under the common law or the Survival Statute.

> **A. UNCLE SAM'S PUTATIVE CLAIMS FOR "NEGLIGENCE", "FRAUD, DECEIT & MISREPRESENTATION", AND "NEGLIGENT MISREPRESENTATION" DID NOT SURVIVE HIS DEATH.**

Tort claims not falling within the exceptions set forth in the Survival Statute abate upon a party's death. *Rendek v. Sheriff of Bristol County,* 440 Mass. 1017 (2003). Count I, which purports to state a claim for negligence and does not allege personal injury or property damage, does not fall within such an exception. Nor is there any common law rule providing for its survival; claims simply "seeking the vindication of personal rights" do not survive under the common law. *Sheldone v. Marino,* 398 Mass. 817, 819 (1986). Accordingly, substitution should not be allowed with respect to that claim.

Counts II and III – which purport to state claims of fraud and negligent misrepresentation – also abated as to Uncle Sam upon his death. "A mere fraud or cheat, by which one sustains a pecuniary loss," does not survive. *Rockwell v. Furness,* 215 Mass. 557, 558 (1913) (quoting *Leggate v. Moulton,* 115 Mass. 552, 553 (1874)). *Accord Piper v. Childs,* 290 Mass. 560, 565 (1935). Rule 25 therefore prohibits substitution with respect to those counts.

B.  THE SJC HAS NOT ADDRESSED THE SURVIVABILITY OF CHAPTER 93A CLAIMS, BUT SOUND PERSUASIVE AUTHORITY AND ANALOGOUS PRECEDENTS SUGGEST THAT UNCLE SAM'S PUTATIVE CLAIM UNDER THAT STATUTE ABATED WHEN HE DIED.

Whether claims under G.L. c. 93A survive is "a serious question under Massachusetts law." *Levin v. Berley,* 728 F.2d 551, 556 (1st Cir. 1984). It also is a question the SJC has knowingly allowed to remain unsettled. *Lattucca v. Robsham,* 442 Mass. 205, 217 (2004). The SJC has nonetheless left clear signs of how it would rule if the issue were squarely presented.

For instance, the SJC did address another statutory cause of action – violations of the wiretap statute, G.L. c. 272, § 99 – holding that such claims do not survive, because they do not involve personal injury or property damage. *Pine v. Rust,* 404 Mass. 411, 417 (1989). In *Spring v. Geriatric Auth. Of Holyoke,* 394 Mass. 274, 289 (1985), the SJC also suggested that the issue of "the survivability of a G.L. c. 93A action" could pose an obstacle to a plaintiff's case. These two precedents suggest that, if confronted with the issue, the SJC would hold that Chapter 93A claims do not survive. At least one Superior Court judge has so ruled. *See Central National-Gottesman, Inc. v. Rodman & Rodman, P.C.,* 1998 Mass. Super. LEXIS 542 at *4 (Zobel, J.) ("The Chapter 93A claims . . ., resting as they do on a tort theory . . ., do not survive.") *but see Davis v. Bredvik,* 1998 Mass. Super. LEXIS 732, at *12 (Connolly, J.) ("survivial of the plaintiffs' 93A claims is consistent with the legislative intent and the public policies underlying the statute") *and Rowley v. Associates for Int'l Research, Inc.,* 2005 Mass. Super. LEXIS 90 at *5 (Fishman, J.) (rejecting *Davis v. Bredvik* analysis).

In any event, even if Chapter 93A claims nominally did survive, double and triple damages would not be available to Uncle Sam's representative, because such remedies are punitive. *Gordan v. Archer,* 1999 Mass. App. Div. LEXIS 58 at *7. The Survival Statute only affects claims for compensatory damages. *Harrison,* 379 Mass. at 216-17. It does not preserve claims for punitive damages, which are a function of "personal vengeance and punishment as between the transgressor and his victim[.]" *Id.* See *Lyon v. Triram Corp.,* 2004 Mass. Super. LEXIS 496, at *9-*13 (Lauriat, J.) (c. 93A claim survives insofar as it seeks compensatory damages, but not insofar as it seeks double or treble damages).

### III.   THE PLAINTIFFS' REQUEST TO FILE AN UNTIMELY BRIEF SHOULD BE DENIED.

Having received from Mr. McMenimen's counsel an e-mail indicating opposition to substitution (at least to the extent it concerned claims which did not survive Uncle Sam's death), and consciously disregarding their obligation to confer with defense counsel in a good faith effort to bridge that gap, the plaintiffs hastily filed their Motion without submitting the memorandum of reasons mandated by Local Rule 7.1(B)(1). Instead, counsel inserted the following request into what he characterized as his "bare bones" motion:

> In the event that one or more of the Defendants opposes the herein Motion, Plaintiffs respectfully request leave to file a memorandum of law in reply.

DE #37 at 2. The Local Rules of this Court do not contemplate such an extraordinary procedure, nor is there any other reason why the plaintiffs should be excused from compliance with Local Rule 7.1(B)(1) – especially given their noncompliance with the pre-Motion conference requirement. The plaintiffs knowingly and intentionally relinquished their right to file such a memorandum.

## CONCLUSION

For the foregoing reasons, Mr. McMenimen respectfully requests that the Court summarily deny the Plaintiffs' Motion in its entirety or (if the Court excuses the plaintiffs' disregard of Local Rule 7.1(A)(2)) deny the Motion insofar as it seeks substitution with respect to Counts I, II, III and X of the Complaint. In either case, the Court should direct the plaintiffs to reimburse Mr. McMenimen for the costs and attorney's fees he has incurred in opposing the Motion.

    Respectfully submitted,

    FREDERICK V. MCMENIMEN, III

    By his attorney,

    */s/ William P. Corbett, Jr.*
    _____
    William P. Corbett, Jr. (BBO #561201)
    THE CORBETT LAW FIRM
     *A Professional Corporation*
    85 Exchange Street, Suite 326
    Lynn, Massachusetts 01901-1429
    (781) 596-9300

Dated: July 8, 2005

```
Filename:          Opposition to Motion for Substitution
Directory:         C:\Documents and Settings\Bill
    Corbett\Desktop\Client Files\Open Files\File #13-006-001 --
    McMenimen (Passatempo Securities Lawsuit)
Template:          C:\Documents and Settings\Bill Corbett\Application
    Data\Microsoft\Templates\Normal.dot
Title:             COMMONWEALTH OF MASSACHUSETTS
Subject:
Author:            Bill Corbett
Keywords:
Comments:
Creation Date:     7/1/2005 5:09 PM
Change Number:     17
Last Saved On:     7/8/2005 12:56 AM
Last Saved By:
Total Editing Time: 501 Minutes
Last Printed On:   7/8/2005 12:56 AM
As of Last Complete Printing
    Number of Pages:      11
    Number of Words:      9,598 (approx.)
    Number of Characters: 54,710 (approx.)
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD P. PASSATEMPO, Trustee of the Samuel Pietropaolo Irrevocable Trust, *et al.*,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>FREDERICK V. MCMENIMEN III, *et al.,*<br><br>    *Defendants.* | Case No. 05-CV-10118-GAO |

**DECLARATION OF WILLIAM P. CORBETT, JR.**

Pursuant to this 28 U.S.C. § 1746, I make the following declaration in opposition to the plaintiffs' "Motion to Substitute Executor of Plaintiff Samuel Pietropaolo's Estate as a Party" ("Motion"):

1. I am the attorney for defendant Frederick V. McMenimen III ("Mr. McMenimen"), and I make this declaration to authenticate several electronic mail communications ("e-mails") concerning the subject matter of the Motion.

2. Appended to this declaration as Exhibit A is a true and accurate copy of my exchange of e-mails with David Burkoff, an attorney for the plaintiffs, on June 29 and 30, 2005.

3. Appended to this declaration as Exhibit B is a true and accurate copy of an e-mail Mr. Burkoff sent to counsel for the other defendants, with a copy sent to me, on June 30, 2005.

4.  The e-mails appended to this declaration are the only communications between Mr. Burkoff (or any other lawyer for the plaintiffs) and myself concerning the subject matter of the Motion.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct. Executed on July 8, 2005.

*/s/ William P. Corbett, Jr.*

# *Exhibit A*

# Bill Corbett

**From:** Burkoff, David [dburkoff@toddweld.com]
**Sent:** Thursday, June 30, 2005 3:44 PM
**To:** Bill Corbett
**Cc:** tegan@peabodyarnold.com; tcasey@ropesgray.com
**Subject:** RE: Passatempo v. McMenimen

Bill,

The local rules certainly do not require ongoing attempted discussion with a lawyer intent upon using the obligation to confer in an effort to intimidate and threaten Rule 11 sanctions at every turn. We will proceed to file our motion this afternoon, whereupon you will of course be free to respond as you see fit.

As for your tenuous arguments concerning the rules of evidence, those issues can wait until trial, which is where this dispute certainly appears to be headed.

Your latest contention that we have made sanctionable misrepresentations to the Court, this time in connection with your argument that your client was not properly served, does not merit a response, either here or in response to your prior email.

Dave

David M. Burkoff
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
Phone: 617-720-2626
Fax: 617-624-4895

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.

> -----Original Message-----
> **From:** Bill Corbett [mailto:wpc@bostonbarristers.com]
> **Sent:** Thursday, June 30, 2005 11:21 AM
> **To:** Burkoff, David
> **Cc:** tegan@peabodyarnold.com; tcasey@ropesgray.com
> **Subject:** RE: Passatempo v. McMenimen
>
> Dave,
>
> It would have to be more than a "bare bones motion to substitute" and I would have to see it first, before I could assent on Mr. McMenimen's behalf. As you know, substitution is permissible under Rule 25(a)(1) only with respect to those claims that were not "extinguished" by Uncle Sam's death. For Mr. McMenimen to assent, the motion would have to specify which claims survive, and we would have to accept your analysis.
>
> Of course, any such assent should not be construed as a concession or admission that even the claims which do survive otherwise have any validity or viability, nor would it connote an acknowledgement that I or Mr. McMenimen believe Cousin Sam to be honest or honorable enough to discharge his responsibilities as temporary executor faithfully.
>
> I trust that you will have no problem with these provisos, given your obligation under LR 7.1(A)2) to attempt "in good faith to resolve or narrow the issue." A *pro forma* "will you assent?" e-mail does not satisfy that obligation.
>
> When fashioning your motion to substitute, moreover, you may want to consider which claims Cousin Sam will assert on behalf of the estate can be proven without resort to hearsay. Obviously, you will not be able to rely on testimony concerning statements made by Cousin Sam to Uncle Sam, or *vice versa,* (*see* Fed. R. Evid. 801(c), 802), and this would be an appropriate juncture for you to make that assessment. Similarly, this may be an opportune juncture for you to specify which claims you believe Attorney Passatempo and Aunt Pat independently have standing to prosecute. For

example, although you purport to assert the emotional distress claims on behalf of all plaintiffs, the factual averments in the complaint suggest that it was only Uncle Sam who might have had standing to prosecute them.

To avoid further expensive motion practice, you should undertake such a review and enter into appropriate stipulations dismissing those claims nominally asserted by Aunt Pat and Attorney Passatempo which they do not independently have standing to assert, and decline to seek substitution with respect to claims on which you believe the Estate has no reasonable expectation of prevailing, given Uncle Sam's demise. As contemplated by LR 7.1(A)(2), and as I've been urging from the outset, let's work together to preclude such collateral disputes and focus our efforts and our clients' resources on the substance of the lawsuit.

To that end, you never responded to my June 15 e-mail concerning your (hopefully innocent but nonetheless significant) misrepresentation of the facts concerning the Rule 4(j)/Rule 6(b) issue. As I did with respect to the *Grupo Mexicano* issue, I want to give you an opportunity to file an appropriate correction without resort to Rule 11 practice. We should attempt to resolve this issue immediately, before Judge O'Toole rules on the pending motion to dismiss, so that if motion practice again becomes necessary, the "safe harbor" in Rule 11(c)(1)(A) would remain available to you.

I'm in the office all day if you want to discuss any of these issues further.

Bill



William P. Corbett, Jr.
THE CORBETT LAW FIRM
*A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
Phone: (781) 596-9300
Fax: (781) 596-9302
www.BostonBarristers.com

>   -----Original Message-----
>   **From:** Burkoff, David [mailto:dburkoff@toddweld.com]
>   **Sent:** Wednesday, June 29, 2005 7:08 PM
>   **To:** Bill Corbett
>   **Subject:** Passatempo v. McMenimen
>
>   Bill,
>
>   We're going to move under Fed. R. Civ. P. 25(a) to substitute Samuel F. Pietropaolo, as executor of his father's estate, as a plaintiff in this matter. He was named temporary executor last week. Will you assent to our bare bones motion to substitute?
>
>   Thanks.
>
>   David M. Burkoff
>   Todd & Weld LLP
>   28 State Street, 31st Floor
>   Boston, MA 02109
>   Phone: 617-720-2626
>   Fax: 617-624-4895
>
>   This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.

7/7/2005

# *Exhibit B*

**Bill Corbett**

---

| | |
|---|---|
| **From:** | Burkoff, David [dburkoff@toddweld.com] |
| **Sent:** | Thursday, June 30, 2005 7:45 AM |
| **To:** | tegan@peabodyarnold.com; tcasey@ropesgray.com |
| **Cc:** | Bill Corbett |
| **Subject:** | Passatempo v. McMenimen |

Gentlemen:

As I mentioned to Mr. Corbett yesterday, we are going to move pursuant to Fed. R. Civ. P. 25(a) to substitute Samuel F. Pietropaolo as a plaintiff in this matter, as executor of his father's estate. He was named temporary executor last week. Will you assent to our bare bones motion to substitute?

Thanks.