## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD P. PASSATEMPO, TRUSTEE, On behalf of the Samuel Pietropaolo Irrevocable Trust, SAMUEL PIETROPAOLO, GRANTOR to the Samuel Pietropaolo Irrevocable Trust, and PATRICIA D. PIETROPAOLO, BENEFICIARY of the Samuel Pietropaolo Irrevocable Trust,<br><br>      Plaintiffs,<br><br>   v.<br><br>FREDERICK V. McMENIMEN III, BARRY G. ARMSTRONG, NEW ENGLAND ADVISORY GROUP, LLC, 1717 CAPITAL MANAGEMENT COMPANY, NATIONWIDE PROVIDENT (f/k/a Provident Mutual Life Insurance Company), and NATIONWIDE FINANCIAL SERVICES, INC.,<br><br>      Defendants. | Civil Action No. 05-10118-GAO |

## REQUEST FOR LEAVE TO FILE REPLY
## IN FURTHER SUPPORT OF MOTION TO SUBSTITUTE EXECUTOR
## OF PLAINTIFF SAMUEL PIETROPAOLO'S ESTATE AS A PARTY

Plaintiffs Ronald P. Passatempo and Patricia D. Pietropaolo respectfully request leave pursuant to Local Rule 7.1(B)(3) to file the accompanying Reply in Further Support of Motion to Substitute Executor of Plaintiff Samuel Pietropaolo's Estate as a Party.

As grounds for this request, Plaintiffs state that Defendant Frederick V. McMenimen III's Opposition (Docket No. 38) glosses over the case law governing survival of claims in Massachusetts in certain key respects. First, although tort claims do not survive a party's death in some instances, they may survive where they arise from a

breach of a defendant's fiduciary duties. Second, while it may be true that the Supreme Judicial Court has yet to opine on whether G.L. ch. 93A claims survive, the weight of the lower court precedent suggests that they do. For these reasons, as detailed in the accompanying Reply, the claims asserted by Mr. Pietropaolo in this litigation survive his death and Samuel F. Pietropaolo, Mr. Pietropaolo's son and the temporary executor of his estate, should be permitted to pursue them in his stead.

The accompanying Reply is also warranted because Mr. McMenimen's Opposition requests "summary denial" as a sanction for Plaintiffs' alleged violation of Local Rule 7.1(A)(2). (Opp. at 6.) As discussed in Plaintiffs' Reply, they committed no such violation. To the contrary, their counsel requested Mr. McMenimen's assent to their Motion to Substitute by e-mail nearly a full day prior to filing, in keeping with the parties' mutual prior practice in this litigation, and Mr. McMenimen's counsel then responded by (a) stating that he would *not* assent to the "bare bones" form of motion Plaintiffs' counsel had described, and (b) accusing Plaintiffs of committing yet another allegedly sanctionable violation of the governing procedural rules. Plaintiffs were thereafter under no further obligation to confer, especially given Mr. McMenimen's counsel's insistence on threatening frivolous sanctions requests at every turn in this lawsuit.[1]

WHEREFORE, Plaintiffs respectfully request leave to file the accompanying Reply in Further Support of Motion to Substitute Executor of Plaintiff Samuel Pietropaolo's Estate as a Party.

---

[1] Plaintiffs also requested the assent of the other Defendants. (*See* Opp. at Ex. B.) However, in keeping with the minimal extent of their involvement in this litigation to date, the other Defendants did not respond. Only Mr. McMenimen has opposed Plaintiffs' Motion to Substitute.

Respectfully submitted,

Plaintiffs RONALD P. PASSATEMPO,
TRUSTEE, On behalf of the Samuel
Pietropaolo Irrevocable Trust, SAMUEL
PIETROPAOLO, GRANTOR to the Samuel
Pietropaolo Irrevocable Trust, and
PATRICIA D. PIETROPAOLO,
BENEFICIARY of the Samuel Pietropaolo
Irrevocable Trust,

By their counsel:

/s/ David M. Burkoff
Howard M. Cooper (BBO #543842)
David M. Burkoff (BBO #657447)
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 720-2626

Dated: July 12, 2005

### Local Rule 7.1(A)(2) Certification

I hereby certify that I have conferred with defense counsel in a good faith attempt
to resolve or narrow the issues presented herein.

/s/ David M. Burkoff

3