## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONALD P. PASSATEMPO, TRUSTEE, )<br>On behalf of the Samuel Pietropaolo )<br>Irrevocable Trust, SAMUEL PIETROPAOLO, )<br>GRANTOR to the Samuel Pietropaolo )<br>Irrevocable Trust, and PATRICIA D. )<br>PIETROPAOLO, BENEFICIARY of the )<br>Samuel Pietropaolo Irrevocable Trust, )<br><br>    Plaintiffs, )<br><br>    v. )<br><br>FREDERICK V. McMENIMEN III, BARRY )<br>G. ARMSTRONG, NEW ENGLAND )<br>ADVISORY GROUP, LLC, 1717 CAPITAL )<br>MANAGEMENT COMPANY, NATIONWIDE )<br>PROVIDENT (f/k/a Provident Mutual Life )<br>Insurance Company), and NATIONWIDE )<br>FINANCIAL SERVICES, INC., )<br><br>    Defendants. )| Civil Action No.<br>05-10118-GAO |

## REPLY IN FURTHER SUPPORT OF MOTION TO SUBSTITUTE EXECUTOR OF PLAINTIFF SAMUEL PIETROPAOLO'S ESTATE AS A PARTY

Plaintiffs Ronald P. Passatempo and Patricia D. Pietropaolo respectfully submit this reply brief in further support of their Motion to Substitute Executor of Plaintiff Samuel Pietropaolo's Estate as a Party (Docket No. 37). As discussed below, Defendant Frederick V. McMenimen III's Opposition (Docket No. 38) glosses over the case law governing survival of claims in Massachusetts in certain key respects. First, although tort claims do not survive a party's death in some instances, they may survive where they arise from a breach of a defendant's fiduciary duties. Second, while it may be true that the Supreme Judicial Court has yet to opine on whether G.L. ch. 93A claims survive, the

weight of the lower court precedent suggests that they do. For these reasons, the claims asserted by Mr. Pietropaolo in this litigation survive his death and Samuel F. Pietropaolo, Mr. Pietropaolo's son and the temporary executor of his estate, should be permitted to pursue them in his stead.

In addition, Mr. McMenimen's Opposition focuses on the Local Rule 7.1(A)(2) Certification at the end of Plaintiffs' Motion to Substitute, which Plaintiffs purportedly included in "contumacious" disregard for the Rule. (Opp. at 1.) True to form, Mr. McMenimen seeks sanctions in connection with this argument. In so doing, he once again attempts to inappropriately shift the Court's focus from his own wrongful conduct. Plaintiffs did comply with Rule 7.1(A)(2), as their counsel requested Mr. McMenimen's assent to their Motion by e-mail nearly a full day prior to filing, in keeping with the parties' mutual prior practice in this litigation, and Mr. McMenimen's counsel then responded by (a) stating that he would *not* assent to the "bare bones" form of motion Plaintiffs' counsel had described, and (b) accusing Plaintiffs of committing yet another allegedly sanctionable violation of the governing procedural rules. As Plaintiffs' counsel explained in reply, Plaintiffs were thereafter under no further obligation to confer, especially given Mr. McMenimen's counsel's insistence on threatening frivolous sanctions requests at every turn.[1]

---

[1] Plaintiffs also requested the assent of the other Defendants, by e-mail, eight hours prior to filing. (See Opp. Ex. B.) In keeping with the minimal extent of their involvement in this litigation to date, the other Defendants did not respond. Only Mr. McMenimen has opposed Plaintiffs' Motion to Substitute.

## Argument

1.    **Mr. Pietropaolo's Claims Survive His Death.  Accordingly, Substitution of the Executor of His Estate as a Party is Warranted.**

The Federal Rules of Civil Procedure provide that a Court may order substitution where "a party dies and the claim is not thereby extinguished." Fed. R. Civ. P. 25(a). Prior to his death on April 1, 2005, Mr. Pietropaolo asserted claims against Defendants for negligence (Count I); fraud, deceit and misrepresentation (Count II); negligent misrepresentation (Count III); breach of fiduciary duty (Count IV); intentional and negligent infliction of emotional distress (Counts V and VI); violations of the federal and Massachusetts securities laws (Counts VII and VIII); breach of contract (Count IX); and violations of the Massachusetts consumer protection laws (Count X).

Mr. McMenimen does not dispute that Counts IV through IX survive Mr. Pietropaolo's passing.  (Opp. at 5.)  Still, he argues that "[t]ort claims not falling within the exceptions set forth in the Survival Statute abate upon a party's death."  (Opp. at 8.) However, that statute – G.L. ch. 228, § 1 – "does not operate to restrict the types of actions which survive"; it was instead "intended to expand on the number of actions which do survive." Sheldone v. Marino, 398 Mass. 817, 819 (1986) (citing Harrison v. Loyal Protective Life Ins. Co., 379 Mass. 212, 215 (1979)).  In other words, certain types of claims not expressly described in G.L. ch. 228, § 1 nonetheless survive under the common law. Id.

For instance, while "an action seeking mere damages for fraud abates upon the death of a party, as does an action for deceit, ... *if the fraud arose in the context of a breach of fiduciary duty or contractual right ... the claim [may] survive*." Central National-Gottesman, Inc. v. Rodman & Rodman, P.C., 1998 Mass. Super. LEXIS 542 at

*6 (Sept. 30, 1998) (internal citations omitted) (emphasis supplied); see also McStowe v. Bornstein, 377 Mass. 804, 808 (1979) ("[W]e have looked with disfavor on rigid procedural distinctions between contract and tort and are more concerned today with substance than with form."). Along these same lines, the Supreme Judicial Court wrote in Baker v. Allen: "It has been held that claims against directors of national banks for negligent and unlawful acts arise out of the breach of the implied obligation of directors faithfully, carefully and lawfully to perform their duties, and that such claims are *ex contractu* in nature. Therefore, they survive against the representatives of deceased directors." 292 Mass. 169, 173-174 (1935) (concluding that "[i]t is not necessary to inquire whether in this Commonwealth the liability of directors for negligent and unlawful acts may be worked out on that ground because it has been established on the ground of fraud or a breach of fiduciary obligation").

In the instant case, the "substance" of Mr. Pietropaolo's tort claims, McStowe, 377 Mass. at 808, relates to and arises out of Defendants' breach of their fiduciary obligations, i.e., their misrepresentations and failure to disclose the true nature of Plaintiffs' life insurance policy (see, e.g., Plaintiffs' Reply in Further Support of Amended Motion for Preliminary Injunction (Docket No. 32) at 10). Accordingly, those claims – *all* of them – should survive his passing.

As for survival of Mr. Pietropaolo's G.L. ch. 93A claim, the relevant Supreme Judicial Court decision cited by Mr. McMenimen in his Opposition concludes only that "the survivability of a G.L. c. 93A action" poses one among a number of "obstacles" presented by the defendant's arguments that the Court "need not confront." Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 289 (1985). Further, while Justice Zobel's

4

Central National-Gottesman decision, cited above and by Mr. McMenimen in his Opposition, peremptorily (but admittedly) concludes that Chapter 93A claims do not survive a party's death, 1998 Mass. Super. LEXIS 542 at *4, other recent Superior Court precedent suggests otherwise. In Davis v. Bredvik, Justice Connolly determined that "the survival of the plaintiffs' 93A claims is consistent with the legislative intent and the public policies underlying the statute," explaining in part that "the enactment of 93A created 'broad new rights, forbidding conduct not previously unlawful under the common law of contract and tort.'" 1998 Mass. Super. LEXIS 732 at *11 (Mar. 30, 1998) (quoting Dodd v. Commercial Union Ins. Co., 373 Mass. 72, 78 (1977)). More recently, in Lyon v. Triram Corp., Justice Lauriat held that "the terms of G.L. c. 93A, § 11 demonstrate that the plaintiff's recovery is meant to compensate him for his loss of money or property" and "therefore survives the decedent's death." 2004 Mass. Super. LEXIS 496 at *11 (Oct. 29, 2004).

Through his Chapter 93A claim, Mr. Pietropaolo sought to recover, *inter alia*, the value of his cancelled John Hancock insurance policies, his lost proceeds in connection with his irrevocable choice of municipal pension options, and his lost premium payments including the portion thereof which funded the investment component of his Nationwide policy. (See, e.g., Plaintiffs' Supplemental Memorandum of Law in Further Support of Opposition to Motion to Dismiss (Docket No. 36) at 1-10.) Thus, the logic of Lyon should hold: now that he has passed away, the executor of Mr. Pietropaolo's estate should be permitted to pursue his G.L. ch. 93A claim.

2.    **Plaintiffs' Motion Complied With Local Rule 7.1(A)(2) and Does Not Warrant Sanctions.**

Local Rule 7.1(A)(2) provides that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Plaintiffs properly included such certification at the close of their Motion to Substitute (Motion at 3), after corresponding with Mr. McMenimen's counsel regarding the Motion over the course of more than twenty hours. (See Opp. at Ex. A.) At 7:08 p.m. on June 29, 2005, the day before filing, Plaintiff's counsel requested Mr. McMenimen's assent to a "bare bones motion to substitute." (Id.)[2] Such request was in keeping with, for example, Mr. McMenimen's counsel's own terse May 4, 2005 e-mail request for Plaintiffs' assent to his motion for leave to file a reply brief in connection with his motion to dismiss. (See e-mail exchange attached hereto at Exhibit 1.) More significantly, Mr. McMenimen's counsel responded at 11:21 a.m. on June 30 that he would *not* assent to a "bare bones" motion (Opp. at Ex. A), and he then threatened Plaintiffs with frivolous Fed. R. Civ. P. 11 motion practice concerning an alleged misrepresentation to the Court relating to whether his client was timely served (id.). Plaintiffs' counsel thereupon informed Mr. McMenimen's counsel that they had satisfied their duties under Local Rule 7.1(A)(2) and that "the local rules certainly do not require ongoing attempted discussion with a lawyer intent upon using the obligation to confer in an effort to intimidate and threaten Rule 11 sanctions at every turn." (Id.)[3]

---

[2] Mr. McMenimen argues that the "bare bones" nature of Plaintiffs' Motion violates Local Rule 7.1(B)(1) (Opp. at 10), however Plaintiffs did incorporate a statement of reasons therein (Motion at 1-2)

[3] As noted above, supra n. 1, the other Defendants did not respond to Plaintiffs' request for their assent.

Mr. McMenimen's extensive reliance on <u>Converse Inc. v. Reebok Int'l Ltd.</u>, 328 F. Supp. 2d 166 (D. Mass. 2004), is misplaced here. In that case, Judge Lindsay accepted Magistrate Judge Alexander's recommendation that a sanction was warranted for violation of Local Rule 7.1 where the plaintiff had needlessly and in "bad faith" filed an "emergency" motion on "the Friday before a holiday weekend," and where its "purported attempt to confer consisted entirely of a message, left on Reebok's counsel's voice mail, 29 minutes prior to filing the motion." <u>Id.</u> at 170, 173. Such circumstances are reminiscent of Mr. McMenimen's own attempt to file a 68-page Reply in support of his Motion to Dismiss (20 pages without exhibits) on the morning of the Tuesday, May 31, 2005 hearing on that motion, after e-mailing a copy to Plaintiff's counsel at 7:00 p.m. the previous Friday night at the start of the Memorial Day weekend. (<u>See</u>, <u>e.g.</u>, Plaintiffs' Opposition to Motion for Sanctions (Docket No. 34) at 12, n.8.) Moreover, the conduct at issue in <u>Converse</u> is entirely dissimilar to Plaintiffs' counsel's (successful) efforts to satisfy their Rule 7.1 obligations in this case. Here, Mr. McMenimen had more than twenty hours' notice of the Motion, as opposed to less than a half hour in <u>Converse</u>. Here, Mr. McMenimen responded that he would *not* assent to the form of "bare bones" motion proposed by Plaintiffs. Finally, unlike <u>Converse</u>, defense counsel here used the occasion to threaten further frivolous Rule 11 motion practice.

In short, Plaintiffs complied with Local Rule 7.1(A)(2) and Mr. McMenimen's request for sanctions is, accordingly, baseless.[4]

---

[4] Mr. McMenimen engages in overreaching not only by requesting sanctions generally, but also by requesting, *inter alia*, "summary denial" as the appropriate specific sanction. (Opp. at 6.) In <u>Gerakaris v. Champagne</u>, Judge Stearns held that "omitting to confer prior to filing a motion certain to be opposed does not warrant so severe a sanction as summary denial." 913 F. Supp. 646, 651 (D. Mass. 1996) (no apparent sanction for complete failure to confer, even after counsel subsequently neglected to present any explanation for such failure).

## Conclusion

For all of the above reasons, as well as those set forth in Plaintiffs' Motion to Substitute, Plaintiffs respectfully request that Samuel F. Pietropaolo, executor of Plaintiff Samuel Pietropaolo's estate, be substituted as a party in this action pursuant to Fed. R. Civ. P. 25(a), and further that the Court deny Mr. McMenimen's request for sanctions.

Respectfully submitted,

Plaintiffs RONALD P. PASSATEMPO, TRUSTEE, On behalf of the Samuel Pietropaolo Irrevocable Trust, SAMUEL PIETROPAOLO, GRANTOR to the Samuel Pietropaolo Irrevocable Trust, and PATRICIA D. PIETROPAOLO, BENEFICIARY of the Samuel Pietropaolo Irrevocable Trust,

By their counsel:

/s/ David M. Burkoff
Howard M. Cooper (BBO #543842)
David M. Burkoff (BBO #657447)
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 720-2626

Dated: July 12, 2005

## Local Rule 7.1(A)(2) Certification

I hereby certify that I have conferred with defense counsel in a good faith attempt to resolve or narrow the issues presented herein.

/s/ David M. Burkoff

# **Exhibit 1**

## Burkoff, David

| | |
|---|---|
| **From:** | Bill Corbett [wpc@bostonbarristers.com] |
| **Sent:** | Wednesday, May 04, 2005 4:55 PM |
| **To:** | Burkoff, David |
| **Cc:** | tegan@peabodyarnold.com; tcasey@ropesgray.com |
| **Subject:** | RE: Passatempo v McMenimen |

Dave,

That's certainly fair.

Bill


William P. Corbett, Jr.
THE CORBETT LAW FIRM
*A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
Phone: (781) 596-9300
Fax: (781) 596-9302
www.BostonBarristers.com

> -----Original Message-----
> **From:** Burkoff, David [mailto:dburkoff@toddweld.com]
> **Sent:** Wednesday, May 04, 2005 4:52 PM
> **To:** Bill Corbett
> **Subject:** RE: Passatempo v McMenimen
>
> Bill,
>
> You have our assent, so long as you will assent when and if we seek leave to file a surreply.
>
> Dave
>
> David M Burkoff
> Todd & Weld LLP
> 28 State Street, 31st Floor
> Boston, MA 02109
> Phone: 617-720-2626
> Fax: 617-624-4895
>
> This e-mail. and any attachments hereto. is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination. distribution or copying of this e-mail, and any attachments hereto. is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof
>
> > -----Original Message-----
> > **From:** Bill Corbett [mailto:wpc@bostonbarristers.com]
> > **Sent:** Wednesday, May 04, 2005 3:28 PM
> > **To:** Burkoff, David
> > **Cc:** tegan@peabodyarnold.com; tcasey@ropesgray.com
> > **Subject:** Passatempo v McMenimen

Dave,

Now that you've re-started the litigation after Uncle Sam's passing, I need to file a reply brief in response to your opposition to the motion to dismiss. (I would have brought this up sooner, but I was instructed to stand down for a month to allow your clients to mourn).

As you know, LR 7.1(B)(3) requires me to obtain leave of court before filing such a document, and LR 7.1(A)2) requires me to confer with you in advance of seeking that leave.

I trust that you will assent to my filing such a brief (while, of course, reserving the right to dispute anything and everything I say in it). Please let me know if that is not the case.

I am in the office all afternoon if you wish to discuss this issue further.

Thanks

Bill


William P. Corbett, Jr.
THE CORBETT LAW FIRM
*A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
Phone: (781) 596-9300
Fax: (781) 596-9302
www.BostonBarristers.com