UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD P. PASSATEMPO, TRUSTEE, On behalf of the Samuel Pietropaolo Irrevocable Trust, SAMUEL PIETROPAOLO, GRANTOR to the Samuel Pietropaolo Irrevocable Trust, and PATRICIA D. PIETROPAOLO, BENEFICIARY of the Samuel Pietropaolo Irrevocable Trust, <br><br>    Plaintiffs, <br><br>    v. <br><br>FREDERICK V. McMENIMEN III, BARRY G. ARMSTRONG, NEW ENGLAND ADVISORY GROUP, LLC, 1717 CAPITAL MANAGEMENT COMPANY, NATIONWIDE PROVIDENT (f/k/a Provident Mutual Life Insurance Company), and NATIONWIDE FINANCIAL SERVICES, INC., <br><br>    Defendants. | Civil Action No. 05-10118-GAO |

### PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

In its August 3, 2005 Memorandum and Order concerning Defendant Frederick V. McMenimen III's ("Mr. McMenimen") Motion to Dismiss, the Court concluded by stating that "Counts VII and VIII will be dismissed in their entirety unless within twenty-one days ... the plaintiffs show cause why the reasons supporting dismissal of those counts as against McMenimen do not apply with equal or greater force to the other defendants." Plaintiffs Ronald P. Passatempo and Patricia D. Pietropaolo ("Plaintiffs")[1] submit this Response in order to inform the Court that, while they may respectfully take

---

[1] The third Plaintiff in this matter, Samuel Pietropaolo, passed away on April 1, 2005. Plaintiffs' Motion to Substitute Executor of Plaintiff Samuel Pietropaolo's Estate (Docket No. 37) is currently pending.

issue with the reasoning and decision adopted by the Court in its Memorandum and Order, they do not intend to argue that the non-moving Defendants should be distinguished from Mr. McMenimen in this context.

Accordingly, Plaintiffs submit that the Court should promptly remand this matter to the Massachusetts Superior Court where Plaintiffs originally filed suit. It was Mr. McMenimen who originally removed this action to federal court. Assuming the federal claims are to be dismissed as to all Defendants, there will be an insufficient basis for maintaining jurisdiction over Plaintiffs' remaining state law claims. See Rose v. Baystate Med. Center, Inc., 985 F. Supp. 211, 219 (D. Mass. 1997) ("even though the initial removal to federal court was not opposed by Plaintiff, subject matter jurisdiction cannot be conferred on federal courts by consent, and a federal court is obliged to remand a case *sua sponte* when it becomes apparent that subject matter jurisdiction is lacking." (internal quotes omitted)); see also 14C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3739 (2d ed. Supp. 2005) ("if the jurisdictionally sufficient federal claims are dismissed before the trial commences, the district court normally should remand the jurisdictionally insufficient supplemental claims to the state court or order the claims dismissed").

        Respectfully submitted,

        Plaintiffs RONALD P. PASSATEMPO,
        TRUSTEE, On behalf of the Samuel
        Pietropaolo Irrevocable Trust, SAMUEL
        PIETROPAOLO, GRANTOR to the Samuel
        Pietropaolo Irrevocable Trust, and
        PATRICIA D. PIETROPAOLO,
        BENEFICIARY of the Samuel Pietropaolo
        Irrevocable Trust,

        By their counsel:

        /s/ David M. Burkoff
        Howard M. Cooper (BBO #543842)
        David M. Burkoff (BBO #657447)
        Todd & Weld LLP
        28 State Street
        Boston, MA 02109
        (617) 720-2626

Dated: August 15, 2005