UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONALD P. PASSATEMPO, Trustee of the Samuel Pietropaolo Irrevocable Trust, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>FREDERICK V. MCMENIMEN III, *et al.,*<br><br>*Defendants.* | Case No. 05-CV-10118-GAO |

**DEFENDANTS' MOTION TO VACATE OR AMEND JUDGMENT**

Pursuant to Local Rule 7.1 and Rule 60 of the Federal Rules of Civil Procedure, the defendants collectively and respectfully request that the Court vacate its final judgment dated August 18, 2005 (DE #44) and exercise its supplemental jurisdiction over the pendent claims sounding in Massachusetts law or, alternatively, amend that judgment as follows:

- Substituting for "Counts VII and VIII of the first amended complaint . . ." the phrase "Counts VII (to the extent it does not allege violations of the Massachusetts Securities Act, Mass. Gen. L. c. 110A) and VIII of the first amended complaint"; and

- Substituting for "and the action is remanded to the Massachusetts Superior Court" the phrase "and, the Court having declined to exercise its supplemental jurisdiction over the state law claims alleged in the first amended complaint, the remaining claims are dismissed without prejudice.

In support of this motion, the defendants state that, for the reasons set forth on pages 8 through 19 of the "Supplemental Memorandum of Defendant Frederick V. McMenimen III Concerning Statute of Repose for Federal Securities Fraud Claims" (DE #27), as well as for other significant reasons, "[i]t is in the interest of justice and judicial economy" for the Court to exercise its supplemental jurisdiction over the pendent state law claims.  *See Curley v. North Am. Man Boy Love Ass'n,* 2003 U.S. Dist. LEXIS 12488 at *6-*7 (D. Mass.) (O'Toole, J.) (retaining jurisdiction after dismissing federal claims).  Alternatively, even if the Court does not exercise its unchallenged supplemental jurisdiction, its final judgment and the underlying order incorporate reflect an oversight that, in the interest of justice, requires correction.  Furthermore, judicial economy would be best served by dismissing the pendent claims without prejudice, rather than remanding them in their current form, and 28 U.S.C. § 1367(d) ensures that no party would be prejudiced.

In further support of this motion, the defendants submit "Defendants' Memorandum of Reasons Why Their Motion to Vacate or Amend Judgment Should Be Granted."

All defendants join in this motion.

WHEREFORE, the defendants respectfully request that this motion be allowed and that the Court either:

1. vacate its final judgment and exercise its supplemental jurisdiction over the pendent claims; or

2. amend the judgment as follows:

    a. Substituting for "Counts VII and VIII of the first amended complaint . . ." the phrase "Counts VII (to the extent it does not allege violations of the Massachusetts Securities Act, Mass. Gen. L. c. 110A) and VIII of the first amended complaint"; and

13-006-001

    b. Substituting for "and the action is remanded to the Massachusetts Superior Court" the phrase "and, the Court having declined to exercise its supplemental jurisdiction over the state law claims alleged in the first amended complaint, the remaining claims are dismissed without prejudice.

## REQUEST FOR ORAL ARGUMENT

The defendants believe that oral argument may assist the Court and therefore wish to be heard, so they hereby request a hearing on this motion, as provided by Local Rule 7.1(D).

Respectfully submitted,

FREDERICK V. MCMENIMEN, III

By his attorney,

*/s/ William P. Corbett, Jr.*

_____
William P. Corbett, Jr. (BBO #561201)
THE CORBETT LAW FIRM
  *A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
(781) 596-9300


NATIONWIDE LIFE INSURANCE COMPANY OF AMERICA, 1717 CAPITAL MANAGEMENT COMPANY, AND NATIONWIDE FINANCIAL SERVICES, INC.,

By their attorneys,

*/s/ Timothy J. Casey*

_____
Harvey J. Wolkoff (BBO #532880)
Timothy J. Casey (BBO #650913)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110-2624
(617) 951-7000

BARRY G. ARMSTRONG

By his attorneys,

*/s/ Timothy O. Egan*

_____
Robert T. Gill (BBO #192080)
Timothy O. Egan (BBO #637992)
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, Massachusetts 02110
(617) 951-2100


## LOCAL RULE 7.1(A)(2) CERTIFICATE

I hereby certify that I have conferred with the attorneys for the other defendants and with the plaintiffs' counsel, attempting in good faith to resolve or narrow the issues raised by this motion.

*/s/ Timothy J. Casey*

_____
Timothy J. Casey


Dated:  September 1, 2005

13-006-001