UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
RONALD P. PASSATEMPO, Trustee of the Samuel )
Pietropaolo Irrevocable Trust, *et al.*,    )
                                   )
            *Plaintiffs,*          )
                                   )   Case No. 05-CV-10118-GAO
      v.                           )
                                   )
FREDERICK V. MCMENIMEN III, *et al.*, )
                                   )
            *Defendants.*          )
_____)


**SEPARATE MEMORANDUM OF FREDERICK V. MCMENIMEN III
STATING ADDITIONAL REASONS WHY DEFENDANTS' MOTION
TO VACATE OR AMEND JUDGMENT SHOULD BE GRANTED**

Defendant Frederick V. McMenimen III ("Mr. McMenimen") submits this separate memorandum setting forth additional reasons why the Court should allow the defendants' joint motion (DE #45) to vacate or amend the Judgment in a Civil Case (DE # 44) ("Judgment") entered on August 18, 2005. In addition to the other reasons offered by Mr. McMenimen and his co-defendants why the Court should retain jurisdiction over the pendent claims,[1] Mr. McMenimen states that the Court must resolve related claims within its original jurisdiction, regardless of whether it declines supplemental jurisdiction over the claims thus far asserted in the captioned action. Only by retaining jurisdiction may the Court ensure the judicial economy that is a touchstone of its discretion under 28 U.S.C. § 1367.

---

[1] Mr. McMenimen incorporates by reference into this brief the arguments set forth in defendants' joint memorandum (DE #46) supporting their motion. Together, this memorandum and the defendants' joint memorandum do not exceed the page limit set by Local Rule 7.1(B)(4).

## ARGUMENT

**I. MR. MCMENIMEN IS ENTITLED TO A FEDERAL FORUM FOR HIS CLAIMS AGAINST COUSIN SAM & ATTORNEY PASSATEMPO.**

During the six months since Mr. McMenimen filed his motion to dismiss this action (DE #9), it has been his intention to assert various claims against his cousin, Samuel Pietropaolo ("Cousin Sam"), and Cousin Sam's confederate, Ronald Passatempo ("Attorney Passatempo"). Though not a party himself, Cousin Sam has been a driving force in the plaintiffs' camp, as has been Attorney Passatempo. Their illicit fomenting of the maelstrom that is this litigation has compelled Mr. McMenimen to incur thousands of dollars in legal fees and other defense costs, rent asunder cherished family relationships, and caused considerable damage to Mr. McMenimen's business interests. Not only does Mr. McMenimen intend to seek compensation from Cousin Sam and Attorney Passatempo for those damages, but he also intends to assert claims of indemnification and contribution against them. The value of Mr. McMenimen's claims against Cousin Sam and Attorney Passatempo exceeds $75,000 – perhaps by an order of magnitude.

Regardless of how the motion to dismiss was resolved, it has always been the intention of the New Hampshire-domiciled Mr. McMenimen to prosecute his claims against Cousin Sam and Attorney Passatempo – both residents of this Commonwealth – in a Federal forum. Because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states. . .", Mr. McMenimen has a right to assert his claims in this Court, 28 U.S.C. § 1332(a), and he does not intend to waive that right.

Mr. McMenimen had been awaiting the Court's decision on his motion to dismiss (DE #9) in order to determine the appropriate manner in which to assert those claims. Because Cousin Sam and Attorney Passatempo are not currently parties in their individual capacities, and because the substitution requested by the plaintiffs (*see* DE #37) would only extend to Cousin Sam's representative capacity, Mr. McMenimen's claims could not have been asserted as counterclaims. *See* Fed. R. Civ. P. 13 (providing for counterclaims against an "opposing party"). Mr. McMenimen therefore would have brought Cousin Sam and Attorney Passatempo, as individuals, into the case as third-party defendants (as provided by Fed. R. Civ. P. 14(a)) if the Court had denied any portion of his motion to dismiss but retained jurisdiction. If the Court had granted the motion to dismiss in its entirety, and his dispute with Cousin Sam and Attorney Passatempo had not been otherwise resolved, Mr. McMenimen would have commenced a separate action. As the case now stands, if the Court, having dismissed the Federal question claims, does not exercise its supplemental jurisdiction, Mr. McMenimen will commence a separate action in this Court.

As a result, even if the Judgment is not vacated and the instant action is sent back to the Superior Court, important elements of the instant dispute would remain before this Court.[2] However, various judges in two different Courts would be required to confront aspects of the matters in controversy, consuming excessive judicial resources, leaving open the possibility of inconsistent substantive decisions, and – given the Superior Court's system of rotating justices – precluding

---

[2] Mr. McMenimen's case against Cousin Sam and Attorney Passatempo would likely be deemed "related" to the captioned action for purposes of Local Rule 40.1(G).

the active case management this contentious litigation would require if it survives the remainder of Mr. McMenimen's motion to dismiss. Concomitantly, the parties would have to bear the burden and expense of litigating related claims in different fora. The only way in which Mr. McMenimen's right to a federal forum for his claims against Cousin Sam and Attorney Passatempo may be reconciled with the overriding interest in judicial economy would be for the Court to exercise its jurisdiction over the pendent claims.[3]

---

[3] One additional factor that should inform the Court's exercise of its discretion is the possibility that the plaintiffs engaged in improper tactics to manipulate the forum. *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 357 (1988). As the plaintiffs themselves alleged, all defendants save Barry Armstrong and his dormant company, New England Advisory Group ("NEAG") – against whom only *pro forma* allegations were made – are citizens of states other than Massachusetts. Accordingly, but for the joinder of Mr. Armstrong and NEAG, removal would have been proper under 28 U.S.C. § 1441(a), as well as under 28 U.S.C. § 1441(b), and the issue of supplemental jurisdiction would not have arisen even after the Federal securities claims were dismissed.

The plaintiffs' odd reliance on the answer and affirmative defenses of Mr. Armstrong – whom they nominally accuse of fraud – intensifies the piscatorial odor of fraudulent joinder. Not unlike the pleadings in *Massachusetts Laborers' Health & Welfare Fund v. Philip Morris, Inc.,* 1998 U.S. Dist. LEXIS 22501 at *23 (D. Mass.) (O'Toole, J.), the Complaint in this case "so utterly fails to allege facts to support the claims purportedly made against [Mr. Armstrong and NEAG] that one naturally wonders why they are defendants at all. That puzzlement supports the inference of fraudulent joinder. In the absence of a colorable claim against [Mr. Armstrong and NEAG,] their joinder serves no apparent purpose except to defeat diversity jurisdiction." Although Mr. McMenimen is not presently in a position to make the extraordinary showing necessary to establish fraudulent joinder (*see In re Massachusetts Diet Drugs Litigation,* 338 F. Supp. 2d 198, 202 (D. Mass. 2004) (O'Toole, J.) & *Anderson v. R.J. Reynolds Tobacco Co.,* 1999 U.S. Dist. LEXIS 22261 at *4-*5 (D. Mass.) (O'Toole, J.)) as a reason why the Court might not have discretion to decline jurisdiction, the aroma is strong enough that it should inform the Court's exercise of discretion under 28 U.S.C. § 1367(c), weighing in favor of retaining jurisdiction.

## *CONCLUSION*

For the foregoing reasons, in addition to those set forth in the defendants' joint memorandum, Mr. McMenimen respectfully requests that the Court reconsider its decision to remand this action to Superior Court and decide to exercise its supplemental jurisdiction over the pendent claims.

Respectfully submitted,

FREDERICK V. MCMENIMEN, III

By his attorney,

***/s/ William P. Corbett, Jr.***

_____
William P. Corbett, Jr. (BBO #561201)
THE CORBETT LAW FIRM
  *A Professional Corporation*
85 Exchange Street, Suite 326
Lynn, Massachusetts 01901-1429
(781) 596-9300

Dated:  September 1, 2005