UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD P. PASSATEMPO, TRUSTEE, On behalf of the Samuel Pietropaolo Irrevocable Trust, SAMUEL PIETROPAOLO, GRANTOR to the Samuel Pietropaolo Irrevocable Trust, and PATRICIA D. PIETROPAOLO, BENEFICIARY of the Samuel Pietropaolo Irrevocable Trust, <br><br>    Plaintiffs, <br><br>    v. <br><br>FREDERICK V. McMENIMEN III, BARRY G. ARMSTRONG, NEW ENGLAND ADVISORY GROUP, LLC, 1717 CAPITAL MANAGEMENT COMPANY, NATIONWIDE PROVIDENT (f/k/a Provident Mutual Life Insurance Company), and NATIONWIDE FINANCIAL SERVICES, INC., <br><br>    Defendants. | Civil Action No. 05-10118-GAO |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO VACATE OR AMEND JUDGMENT

Plaintiffs Ronald P. Passatempo and Patricia D. Pietropaolo respectfully submit this Opposition to Defendants' Motion to Vacate or Amend Judgment. As is clear from their supporting memoranda – their joint memorandum ("Joint Memo.") and Defendant Frederick V. McMenimen III's separately filed memorandum ("McMenimen Memo.") – Defendants' Motion is simply a last-ditch effort to keep this matter in federal court while the question of whether Massachusetts General Law c. 175, § 181 is a statute of repose or statute of limitation is certified to the Supreme Judicial Court, a time-consuming process that would delay remand and prevent discovery from going forward in the Superior

Court. As discussed below, this Court has already considered most of the arguments Defendants raise in support of their Motion, and their new arguments – for example, Mr. McMenimen's bare claim that "it has been his intention" to file suit against Plaintiff Ronald P. Passatempo and the son of Plaintiffs Samuel Pietropaolo and Patricia Pietropaolo (McMenimen Memo. at 2), and that this Court should therefore retain jurisdiction in order to hear those hypothetical (and, if filed, frivolous) claims together with Plaintiffs' claims – are utterly without merit. Respectfully, the Court should allow its remand Order to stand and should deny Defendants' Motion in its entirety.

## Argument

**1.    The Remand Was Appropriate And Should Stand.**

Following dismissal of the sole federal claim in a lawsuit that was removed from state court, the proper course is usually for the Court to remand the matter back to that state court. *See Rose v. Baystate Med. Center, Inc.*, 985 F. Supp. 211, 219 (D. Mass. 1997) ("even though the initial removal to federal court was not opposed by Plaintiff, subject matter jurisdiction cannot be conferred on federal courts by consent, and a federal court is obliged to remand a case *sua sponte* when it becomes apparent that subject matter jurisdiction is lacking." (internal quotes omitted)); *see also* 14C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3739 (2d ed. Supp. 2005) ("if the jurisdictionally sufficient federal claims are dismissed before the trial commences, the district court normally should remand the jurisdictionally insufficient supplemental claims to the state court or order the claims dismissed").

However, Defendants argue that the instant case is the exception to this rule, for three reasons: (1) this Court's expertise with respect to the federal securities laws should

2

be brought to bear on Plaintiffs' Massachusetts Uniform Securities Act claim; (2) "the pendent claims are futile," so it would be most efficient for the Court to retain jurisdiction and certify the question of whether Massachusetts General Law c. 175, § 181 is a statute of repose or statute of limitation to the Supreme Judicial Court, and then to dismiss the entire case once (their theory goes) the Supreme Judicial Court declares it to be the former; and (3) Mr. McMenimen is planning to sue Plaintiff Ronald P. Passatempo and the son of Plaintiffs Samuel and Patricia D. Pietropaolo for their alleged "illicit fomenting of the maelstrom that is this litigation." Each of these "justifications" is baseless and will be addressed in brief fashion below.

### A. There Is No Reason Whatsoever For This Court To Retain Jurisdiction In Order To Certify A Question To The Supreme Judicial Court.

Taking Defendants second argument first, that Massachusetts General Law c. 175, § 181 is a statute of limitations (rather than a statute of repose) and may therefore be tolled is a matter of fairly settled law in the Commonwealth. Plaintiffs will not burden the Court with their argument on this issue again, as they have previously set it out in at least two previous filings, most recently their Supplemental Memorandum of Law in Further Support of Their Opposition to Defendant Frederick V. McMenimen III's Motion to Dismiss at pages 10 through 18. The Court also heard oral argument on the issue during both hearings on Mr. McMenimen's Motion to Dismiss. In short, the statute is a statute of repose; it's not a close question, and so there is absolutely no need for this Court to vacate its remand Order and certify the question to the Supreme Judicial Court.

This is not to mention that Defendants' argument is also hopelessly conclusory. They claim that the issue should be certified because, "given the dispositive nature of

Mass. Gen. L. c. 175, §181, a final resolution of the dispute between the parties would be hastened significantly if the case were certified." (Memo. at 7.) But such "final resolution" would only come about if the Supreme Judicial Court were to decide the question in Defendants' favor – which, as discussed above, is improbable. And Defendants fairly acknowledge as much in a footnote. They write: "If the SJC responds by stating that it is not a statute of repose, then the Court might revisit the supplemental jurisdiction issue." (Memo. at 7, n. 3.) Since such response on the part of the Supreme Judicial Court is likely, Defendants' suggested course of action would do nothing but cause delay, which of course is their true motive – to delay these proceedings and avoid for the time being having to "slog through expensive, time-consuming discovery" (Memo. at 7), which they know will reveal further evidence of the wrongdoing that precipitated this action in the first instance.

### B. This Court's Securities Law Expertise Is Not A Sufficient Basis For Retaining Jurisdiction.

Even if Plaintiffs' claim for violation of the Massachusetts Uniform Securities Act survived this Court's decision on Mr. McMenimen's motion to dismiss (which, as Defendants note, appears to have only been meant to apply to Plaintiffs' *federal* securities law claims), courts in the Commonwealth contend with such claims on a routine basis. That doing so may involve, to some extent, keeping abreast of federal common law pertaining to the federal securities laws, does not at all take away from the fact that they are, when it comes down to it, state law claims that are most often heard in state court. In this context, Defendants' statement that they "believe they have an obligation to bring this apparent error" regarding dismissal of Plaintiffs' state law securities claim "to the Court's attention" is so transparent and disingenuous as to not merit a substantive

4

response. (Memo. at 9.) Clearly, they argue thus only so that they may then argue that, since Plaintiffs' state law securities claim survives, this Court simply must retain jurisdiction given its superior understanding of the securities laws. At best, this is advocacy on behalf of their clients; what it plainly is not is an effort to call an error to the Court's attention in their role as officers of the Court.

### C. Mr. McMenimen's Expected Claims Against Samuel F. Pietropaolo And Ronald P. Passatempo Will Be Frivolous When And If Filed And, Regardless, Do Not Constitute A Proper Basis For This Court To Retain Jurisdiction.

Mr. McMenimen's argument that "it has been his intention" to sue Plaintiff Ronald P. Passatempo as well as the son of Plaintiffs Samuel and Patricia D. Pietropaolo for their alleged "illicit fomenting of the maelstrom that is this litigation," and that *that* should lead this Court to retain jurisdiction and, presumably, then wait things out until Mr. McMenimen *does* file those claims, is baseless.[1] (McMenimen Memo. at 2.) This Court is aware from having heard argument on and decided Mr. McMenimen's Motion to Dismiss that Plaintiffs at the very least filed suit in good faith, with sufficient evidence in hand that Defendants caused the harm of which they complain. It follows that Mr. McMenimen's intended claims will be nothing less than frivolous and Mr. Passatempo and Mr. Pietropaolo will vigorously defend them when and if the time comes. Moreover, regardless of the validity of Mr. McMenimen's expected claims, to suggest that the Court

---

[1] Mr. McMenimen, in his separately filed memorandum, also argues – again – that Plaintiffs' "odd reliance on the answer and affirmative defenses of Mr. Armstrong … intensifies the piscatorial odor of fraudulent joinder," and that if for no other reason this Court should retain jurisdiction on that basis. (McMenimen Memo. at 4, n.3.) In response, Plaintiffs can only repeat what they have said on prior occasions: their "reliance" on Defendant Armstrong's Answer is hardly "odd." Mr. Armstrong essentially claims in his Answer that he had nothing whatsoever to do with procuring Plaintiffs' Nationwide policy, while certain documents Mr. McMenimen provided to Samuel F. Pietropaolo purport to demonstrate that Mr. Armstrong played a prominent role. (*E.g.*, Amended Complaint, Ex. H.) It follows that at least one of the Defendants has not been forthright, and Plaintiffs have only pointed this out to the Court in certain of their previous filings.

should base its decision on whether to remand this case based on the bare, last-minute and last-ditch contentions of one of the three Defendants that he "expects" to someday file some other lawsuit, is to suggest that the course of this case should depend on the whims of that one Defendant. Obviously, this result cannot be permitted.

2.  **Defendants' Call For Dismissal Without Prejudice In Lieu Of Remand Is Not Warranted.**

Defendants' state no proper basis for this Court to vacate its remand order and instead dismiss this matter without prejudice; the only point they succeed in making is that the Court has the discretion to do so. Their motive – again – is delay, although they couch their argument – again – in terms of the purported benefit that would inure to the Plaintiffs, i.e., dismissal without prejudice "would enable the plaintiffs to re-plead their claims more carefully." (Memo. at 10.) In simple terms, Plaintiffs do not need Defendants to do their work for them. If Plaintiffs deem it necessary to re-plead, they will file the appropriate motion for leave to do so in the Superior Court.

3.  **Finally, Defendants' Invocation of Rule 60 Is Misguided.**

Defendants do not reveal exactly which subsection of Fed. R. Civ. P. 60 they invoke but, respectfully, allowance of their Motion is not warranted under any of them. The only possibility seems to be section (b)(6), the Rule's catch-all provision, which permits a Court to grant relief from judgment for "any other reason," i.e., reasons "beyond those cognizable as grounds for relief under" the Rule's other sections. *Duco Enterprises, Inc. v. Abdelnour*, 1994 Mass. App. Div. 103, 105 (May 20, 1994) (discussing the nearly identical Mass. R. Civ. P. 60(b)(6)). As the Massachusetts Appeals Court explained in *Duco Enterprises*, "[i]n making a Rule 60(b)(6) determination, a trial judge must not only consider whether the moving party has a meritorious claim or

6

defense, whether extraordinary circumstances warrant relief and whether the substantial rights of the parties are implicated, but must also remain cognizant that the primary purpose of Rule 60(b)(6) is to accomplish substantial justice." *Id.* (internal citations omitted). For all of the reasons set forth above, "substantial justice" would not be served by allowing Defendants' motion, which is at bottom just another attempt to delay these proceedings.

## Conclusion

For the reasons set forth above, Plaintiffs respectfully request that this Court deny Defendants' Motion to Vacate or Amend Judgment.

Respectfully submitted,

Plaintiffs RONALD P. PASSATEMPO, TRUSTEE, On behalf of the Samuel Pietropaolo Irrevocable Trust, SAMUEL PIETROPAOLO, GRANTOR to the Samuel Pietropaolo Irrevocable Trust, and PATRICIA D. PIETROPAOLO, BENEFICIARY of the Samuel Pietropaolo Irrevocable Trust,

By their counsel:

/s/ David M. Burkoff
Howard M. Cooper (BBO #543842)
David M. Burkoff (BBO #657447)
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 720-2626

Dated: September 15, 2005